S. M. CAHOON, J. A. PLEDGER AND W. A. HOWETT, ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS WHO WISH TO MAKE THEMSELVES PARTIES, v. J. R. ROUGHTON.

(Filed 1 March, 1939.)

**1. Highways § 12—Plaintiffs' allegations and evidence held to show abandonment of public highway.**

Plaintiffs claimed a public way over the lands of defendant to an old wharf on defendant's land. Plaintiffs' allegations and evidence, if sufficient to show that the asserted right of way was ever a public highway, tended to show that when the State Highway Commission took over the county roads, ch. 145, Public Laws of 1931, amending ch. 2, Public Laws of 1921, it built a highway to the water's edge to a new and more accessible pier, and did not include therein the asserted public way to the old wharf. *Held:* The allegations and evidence disclosed an abandonment of the roadway claimed as a public highway, and the subsequent maintenance of the roadway by members of the community upon their own responsibility and initiative, is not a "maintenance by the public" such as to constitute it a public road.

**2. Highways § 13—Held: Plaintiffs failed to establish that public way asserted was a neighborhood public road.**

Plaintiffs' allegations and evidence tended to show that the alleged public way to an old wharf had been abandoned by the Highway Commission when it took over the county roads, and that plaintiffs did not reside along the alleged public road, and that it was not necessary to them as a way of egress and ingress to their homes, but that they used same in getting to the old wharf to their boats for hunting and fishing parties. *Held:* Plaintiffs failed to establish their right to the use of the passway as a neighborhood public road.

**3. Highways § 18—Held: Plaintiffs failed to show right to restrain defendant from blocking passway on his land.**

Plaintiffs instituted this action to restrain defendant from blocking a passway across his land to an old wharf at which plaintiffs kept their boats. Plaintiffs' allegations and evidence established that if the passway had ever been a public highway, it had been abandoned, and failed to establish same as a neighborhood public road, and failed to establish a public easement over defendant's lands. *Held:* Defendant's motion to nonsuit should have been granted.

**4. Easements § 3—In order to establish public right of way over private lands by prescription, asserted right of way must be definite.**

In order for the public to establish a right of way across private lands by prescription, it is necessary that the right of way be established by definite and specific lines, although slight deviations in the line of travel are not fatal, but evidence that the pathway used by the public shifted, as erosion caused by rain and tides made it necessary. is insufficient to establish a public easement.

APPEAL by defendant from *Thompson, J.,* at October Term, 1938, of TYRRELL.

Civil action to enjoin the defendant from blocking an alleged public road leading from Highway No. 64 to a wharf in Alligator Creek.

Issues were submitted to and answered by the jury as follows:

"1. Is the defendant the owner of the lands described in the answer: A. 'Yes.'

"2. Has the strip of land referred to in the complaint become a public highway by the continued and uninterrupted use or enjoyment of it by the public, and work and control over it by the public authorities for twenty years under claim of right adverse to the owner, known to and acquiesced in by him? A. 'Yes.' "

From judgment thereon, restraining the defendant from obstructing in any manner plaintiffs' easement in the use of said old road as the same existed at the time of the institution of this action, the defendant appealed.

*H. L. Swain for plaintiffs, appellees.*
*W. L. Whitley for defendant, appellant.*

BARNHILL, J. The plaintiff alleges that more than fifty years ago citizens of Alligator Township, Tyrrell County, constructed a wharf in Alligator Creek for the use of citizens of that community; that a public road about 100 yards long was built from the then existing public road to the wharf, and that said road has been used continuously as a public road since its construction.

The wharf is constructed from the lands belonging to the defendant to deep water in Alligator Creek. There is no evidence to sustain the allegation that it was originally built by citizens of the township. It does appear that in 1912, the wharf having become dilapidated to the extent that it was not usable, citizens of the community, including the defendant, and with his permission, repaired the wharf and put it in usable condition. Wharfage was thereafter charged and the amounts so received went into a fund to be used to keep the wharf in good condition. Later, after the construction of Highway No. 64 and a new and more accessible pier at the end of said highway, known as the ferry pier, citizens discontinued the use of the wharf and the funds on hand from wharfage fees were paid to the defendant.

The evidence considered in the light most favorable to the plaintiffs tends to show that the roadway in controversy was an extension of the county public road system, and that while the wharf was in usable condition persons having need thereof traveled to and from the wharf over

said road, which crosses the defendant's land. Lately certain citizens of that community have been using the old wharf for the purpose of anchoring their boats and to take on and discharge hunting and fishing parties until the defendant blocked the road and this action was instituted.

The plaintiffs allege "that after the State Highway Commission took over the roads of the State it built a highway to the water's edge, but did not include this roadway to the wharf tramway." Under the law, as it now exists, this would seem to be an allegation that the alleged road has been abandoned as a public highway. It is true that it is further alleged in the complaint that the public has continued to use the roadway as it has had the need and still uses the wharf for shipping purposes. This is not sufficient to constitute the passway a public road. The term "maintained by the public" as used in relation to public highways means "maintained under public authority by those officials whose duty it is to maintain public roads." Maintenance of a road by members of a community upon their own responsibility and initiative is not within the meaning of the term.

The State assumed entire control of all the roads of the State in 1931 under the terms of ch. 145, Public Laws 1931, which is amendatory of ch. 2, Public Laws 1921. The 1931 act provides that from and after July 1, 1931, the exclusive control and management of, and responsibility for, all public roads in the several counties shall be vested in the State Highway Commission. When the Highway Commission constructed Highway No. 64, extending the same in a direct line to the water's edge on Alligator Creek and to a new pier, it thereby abandoned the road in controversy as a part of the public road system, if it be conceded that the evidence discloses that it ever existed as such.

The said roadway does not now exist as a public road and the plaintiffs have failed to bring themselves within the decision in *Davis v. Alexander,* 202 N. C., 130, 162 S. E., 372. None of them live on the alleged road or use the same as a method of ingress and egress to their homes. There is no evidence that the county authorities have done any work on the road since February, 1931, at which time plaintiffs' witness Norman, as section road foreman, under the direction of the county road engineer, bridged a part of the road. In respect to the work done on that date he testified: "That occasion I referred to in February, 1931, was the only time I ever went down there. I don't know of any work that has been done on that passway by the State or the county before or since that time." Furthermore, the evidence tends to show that the alleged road, due to erosion, is under water and that high tide covers much of it; that it has grown up in bulrushes, sage and the like. Like-

wise, plaintiffs' testimony tends to show that during past years, since the wharf became dilapidated and citizens ceased to keep it maintained, the pathway has been used only on infrequent occasions. The allegation in the complaint and the evidence of the plaintiffs establish the fact that the road has been abandoned as a public road if it ever existed as such. Plaintiffs do not seek to establish the existence of the same as a neighborhood road maintained for the convenience of those using the old wharf. We must conclude, therefore, that it was error for the court below to deny the motion of the defendant for judgment of nonsuit at the conclusion of the evidence of the plaintiffs.

There is a further reason why this ruling was erroneous. The plaintiffs' evidence failed to establish the situs of the road. It establishes one terminus at the old wharf and the other terminus at some unidentified point on Highway 64. Witnesses testified that it led from the old public road to the wharf. Some said that as it now exists it is partly under water and partly on land. Others testified that it followed the edge of the water. Still another stated that at some places the road is not over ten feet from the water and at others twenty feet. Another testified that the only way to get to it (the wharf) is "to go through Captain Roughton's lot or go around the edge of the creek where the old road used to be. Part of the old road is in the creek now. The water is now from two to six inches deep." Thus it appears that the plaintiffs failed to offer evidence tending to establish the identity of the pathway used. It is not sufficient to show that the public used a pathway that shifted, as erosion caused by the rains and the tides made it necessary, to establish the highway by prescription. It must appear that the general public used the same under a claim of right adverse to the owner and the travel must be confined to a definite and specific line, although slight deviations in the line of travel so long as the road remains substantially the same, do not destroy the rights of the public. *Hemphill v. Board of Aldermen,* 212 N. C., 185, 193 S. E., 153, and cases there cited.

It may be noted that while the plaintiffs sought to establish the existence of a public road across the defendant's land the court entered judgment upon the theory that plaintiffs had established an easement in the use of the old road.

The judgment below is

Reversed.