### BINGHAM M. SPEIGHT v. VAN B. ANDERSON.

(Filed 18 September, 1946.)

**1. Highways § 11—**

> There is no legislative sanction or provision for the establishment of a neighborhood road, a term ordinarily used to designate a private way which serves a neighborhood as an outlet to a public road.

**2. Same—**

> Ch. 183, Public Laws 1941, which amends ch. 302, Public Laws 1933, by enlarging the definition of neighborhood public roads to include "all other roads or streets . . . which serve the public . . . whether same have ever been a portion of any county or State road systems" refers to traveled

ways which were at that time established easements or roads or streets in a legal sense, and brings such roads or streets within the procedure prescribed by ch. 448, Public Laws 1931, and it will not be assumed that the Act of 1941 intended to create a public or private way over the lands of any citizen by legislative fiat, since to do so would be a taking of private property without just compensation.

**3. Same—**

Neither a way of egress or ingress over the lands of another existing by consent of the landowner, nor one obtained by prescription, is a neighborhood public road, G. S., 136-67. Such road is not a public road and does not come within the provisions of ch. 302, Public Laws 1933, since it is not an abandoned public road, nor within the provisions of ch. 183, Public Laws 1941, since it was not at the time an established easement or road in a legal sense, and further such easement comes within the proviso of the Act of 1941, since it is essentially a way for private use.

**4. Easements § 3—**

To establish a private way by prescription, the user for twenty years must be confined to a definite and specific line of travel, and while slight deviations are not fatal if the way is substantially identical, where only the termini are identical and the old way is in the form of an arc with portions thereof several hundred feet distant from the new straight way, user of the old way cannot be tacked to the user of the new straight way. Whether one adverse user can tack the period of use by his predecessor in title, *quære.*

**5. Same—**

Where the evidence both for plaintiff and defendant tends to show that a new way across the lands of plaintiff was constructed and was commenced to be used less than twenty years prior to the institution of the action, the testimony of one witness, who had not gone on the premises prior to construction of the new way, cannot be construed as tending to show that the line of travel along the new way had been in use prior to the construction referred to, and thus make out a *prima facie* case, when his testimony is ambiguous and not necessarily in conflict with the evidence that the old way was in exclusive use prior to the construction of the new.

**6. Same—**

Permissive use is presumed until the contrary is made to appear, and on the present record testimony of the husband and predecessor in title to the servient tenement that the use of the way across plaintiff's lands was permissive, if error, was not prejudicial.

**7. Trespass § 6: Judgments § 17b—**

Plaintiff alleged a cause of action in trespass. Defendant denied the trespass and set up a prescriptive right to cross plaintiff's land. The issues submitted related solely to the asserted prescriptive right. *Held:* An issue of trespass was raised by the pleadings, and upon the jury's verdict in plaintiff's favor, a provision of the judgment that defendant be restrained from crossing the land of plaintiff must be stricken and a new

trial ordered, since defendant's user is presumed permissive and the judgment based upon a contrary assumption without a verdict is unwarranted in law.

APPEAL by defendant from *Bone, J.,* at April Term, 1946, of EDGECOMBE. Modified and affirmed.

Action in trespass *quare clausum fregit* and for injunctive relief in which the defendant, answering, denies any trespass, asserts an easement in the nature of a public or private way, and pleads user thereof as a matter of right.

For a number of years the owners of the Anderson property had been using a vehicular road or cartway over and across the lands of plaintiff as a means of ingress and egress. Plaintiff blocked the road. The obstruction was removed and defendant continued to use the same. Thereupon this action was instituted and temporary restraining order was issued.

The evidence discloses the following facts:

Fountain Street and Sunset Avenue in the Town of Tarboro extend in a westerly direction to the town limits. Plaintiff owns a farm adjoining the town limits and immediately west of the terminus of Sunset Avenue. The farm of the defendant lies west of the property of plaintiff.

For many years prior to 1933 there was a cartway or road which began at the terminus of Fountain Street and extended south along the city limits across and at right angles to the terminus of Sunset Avenue. Some distance south of Sunset Avenue it bore sharply to the right or west and ran to or near the main dwelling on the Speight land, thence to an old oak. There it forked, one branch going to a tenant house on the Speight land and the other across the Murdock tract (now owned by defendant) to the dwelling on the Anderson or Martin land. This road or way was used as one of the available means of ingress and egress by the defendant's predecessors in title.

In 1932 or 1933 the Anderson land was purchased by Sheriff Martin. He, with the consent and assistance of plaintiff's immediate predecessors in title, extended Sunset Avenue in a direct line westerly to the defendant's property. Since said time the owners of the Martin-Anderson property have used this way at will for the purpose of ingress and egress. Members of the public have also used it.

The termini of the relocated way are substantially identical with those of the old road. However, the new way extends in a direct line while the old is arc-like. At some points they are several hundred feet apart.

The court below submitted issues as follows:

"1. Was the road described and mentioned in the pleadings dedicated to the public use?

"2. Has the defendant acquired an easement in the road mentioned and described in the pleadings?

"3. Is the road mentioned and described in the pleadings a neighborhood public road?"

It directed a verdict on the issues submitted in favor of the plaintiff. The jury answered each issue "no" as directed. Thereupon the court entered judgment (1) that the defendant be permanently enjoined and restrained from entering upon or crossing over the land of the plaintiff, and (2) that defendant has no title, easement or right of way in and to the path or road across the plaintiff's property. Defendant excepted and appealed.

*Bond & Leggett for plaintiff, appellee.*
*H. H. Philips and Geo. M. Fountain for defendant, appellant.*

BARNHILL, J.   There is no evidence in the record sufficient to support a finding that either the old or the relocated way of ingress and egress is a public road. *Chesson v. Jordan,* 224 N. C., 289, 29 S. E. (2d), 906; *Collins v. Patterson,* 119 N. C., 602.

Our statutes provide for the establishment of private cartways, tramways, railways, cable cars, chutes, flumes, G. S., 136-69, and church roads, G. S., 136-71. There is no legislative sanction, or provision for the establishment, of a neighborhood road, a term ordinarily used to designate a private way which serves a neighborhood as an outlet to a public road. See *Collins v. Patterson, supra.*

In 1931 the General Assembly, by ch. 145, Public Laws 1931, provided that the exclusive control, management and responsibility for all roads in the several counties should be vested in the State Highway Commission. The State Highway Commission was vested with authority to decline to take over and assume control of roads and parts of roads which had theretofore formed part of the several county road systems. This was to be evidenced by the omission of such roads from the map prepared and posted in the several counties.

In 1933 the Legislature created and defined "neighborhood public roads" by amendment of ch. 448, Public Laws 1931 (now a part of G. S., ch. 136, Art. 4, which deals with cartways, church roads and like easements). Ch. 302, Public Laws 1933. That Act provides that "all those portions of the public road system of the State which have not been taken over and placed under maintenance or which have been abandoned by the State Highway Commission, but which remain open and in general use by the public, and all those roads that have been laid out, constructed, or reconstructed with unemployment relief funds under the supervision of the Department of Public Welfare, are hereby declared to be neighborhood public roads . . . ." In 1941 this Act was amended

by inserting after the words "Public Welfare" a further classification as follows: "and all other roads or streets or portions of roads or streets whatsoever outside of the boundaries of any incorporated city or town in the State which serve a public use regardless of whether the same have ever been a portion of any State or county road system." Ch. 183, Public Laws 1941. This latter Act contained a proviso, however, as follows: "Provided, that this definition of neighborhood public roads shall not be construed to embrace any street, road or driveway that serves an essentially private use."

The way at issue is no part of an abandoned public road. Hence the question arises as to whether it comes within the terms of the 1941 amendment.

The General Assembly is without authority to create a public or private way over the lands of any citizen by legislative fiat, for, to do so, would be taking private property without just compensation. *Lea v. Johnson,* 31 N. C., 15. In construing the amendment, therefore, we may not assume that such was its intent. It follows that the 1941 Act, ch. 183, Public Laws 1941, necessarily refers to traveled ways which were at the time established easements or roads or streets in a legal sense. It cannot be construed to include ways of ingress and egress existing by consent of the landowner as a courtesy to a neighbor, nor to those adversely used for a time insufficient to create an easement.

Its purpose was to bring the designated roads within the procedure prescribed in the original Act, ch. 448, Public Laws 1931, now a part of G. S., 136-53.

Furthermore the proviso expressly excludes streets and roads which serve an essentially private use. While there is evidence that the mail carrier used the old road during 1906 and 1907 and that members of the public traveled both the old and the new road, all the evidence tends to show that the road was laid out and maintained primarily as a convenience for those who resided on the Speight and Anderson tracts, an essentially private purpose. No continuous use for a public purpose is disclosed.

Conceding without deciding that defendant has shown something more than mere permissive use of a cartway across the land of plaintiff, *S. v. Norris,* 174 N. C., 808, 93 S. E., 950; *Darr v. Aluminum Co.,* 215 N. C., 768, 3 S. E. (2d), 434, the evidence fails to disclose continuous user for a period of twenty years, such as is required to raise a presumption of dedication or grant and create an easement.

To establish a private way by prescription, the user for twenty years must be confined to a definite and specific line. While there may be slight deviations in the line of travel there must be a substantial identity of the thing enjoyed. *Hemphill v. Board of Aldermen,* 212 N. C., 185,

193 S. E., 153; *Cahoon v. Roughton,* 215 N. C., 116, 1 S. E. (2d), 362; Anno. 143 A. L. R., 1403.

"One who uses one path or track for a portion of the prescriptive period and thereafter abandons all or nearly all of such path or track and uses another cannot tack the period of the use of the new way onto that of the use of the old way in order to acquire a way by prescription." Anno. 143 A. L. R., 1404.

*Quære:* Can one who claims an easement, outside his own deed and across the lands of another, by adverse user, tack the period of the use by his predecessor in title to the period of his own use in order to acquire a way by prescription?

But the defendant insists that the testimony of the witness Howard is sufficient to make out a *prima facie case.* We cannot so hold. He never went on the premises prior to the death of Sheriff Martin in 1935, and, on this record, his testimony is uncertain, indefinite and ambiguous. He says there was a road "here" which "went from the extension of Sunset Avenue out to the house, out on the farm here." "I don't know whose house it was, but I think Mr. Martin lived there at the time."

All the testimony tends to show that the road in controversy was constructed after the Martin purchase in 1932 or 1933. Defendant himself testified this new road was constructed and straightened out after Mr. Martin bought the Hedge's farm. He offered a number of witnesses who testified to like effect. Defendant has failed to show that Howard's testimony was in contradiction thereof.

On this record, the admission of the testimony of W. L. Speight, plaintiff's husband and predecessor in title, if error, was not prejudicial. His testimony merely tends to show the construction and use of the new way by permission of the landowner. Permissive use is presumed until the contrary is made to appear. *Perry v. White,* 185 N. C., 79, 116 S. E., 84; *Darr v. Aluminum Co., supra.*

The plaintiff alleges trespass by defendant as the gravamen of her cause of action. The allegation is denied by defendant. The issue thus raised was not submitted to the jury and there has been no finding thereon. *Griffin v. Insurance Co.,* 225 N. C., 684. Even so, the judgment entered permanently enjoins and restrains defendant from "entering upon or crossing over the land of the plaintiff . . ." This provision is unsupported by the verdict. It must be stricken and a new trial had on plaintiff's cause of action.

It is true defendant admits he entered upon the land of the plaintiff, but this entry may have been permissive. Indeed, as we have heretofore noted, it is so presumed. A judgment based on a contrary assumption and without a verdict is unwarranted in law.

We have examined the other exceptive assignments of error and find in them no cause for disturbing the verdict.

As the primary cause of controversy between plaintiff and defendant is now put at rest by the verdict herein, a spirit of good will and neighborly co-operation might well dictate an end to the case on the basis of the judgment herein directed. However, it is for the plaintiff to decide whether she wishes to pursue her case further.

The judgment below must be modified in accord with this opinion. As so modified, it is affirmed.

Modified and affirmed.