JAMES R. TAYLOR AND WIFE, EVA LOUISE TAYLOR v. WILLIAM G.
BRIGMAN AND WIFE, FLOSSIE S. BRIGMAN; BEATRICE M. ALLEN AND
HUSBAND, A. B. ALLEN; SEIVWERS CLONTZ, A/K/A SEIVWERS
CISZEWSKI

No. 8028SC741

(Filed 16 June 1981)

1. **Rules of Civil Procedure § 56.5— summary judgment—findings of fact**

In ruling on a motion for summary judgment, the trial judge does not
make findings of fact, since summary judgment is improper if findings of fact
are necessary to resolve an issue as to a material fact.

2. **Adverse Possession § 17.1; Easements § 6.1— perscriptive easement—color of
title—deeds not in defendants' chain of title**

In an action to establish a prescriptive easement in a right-of-way across
defendants' lands, deeds relied on by plaintiffs to establish color of title to the
right-of-way which were not in defendants' chain of title did not sufficiently af-
ford defendants notice of plaintiffs' claim of right to the easement so as to
overcome the presumption of permissive use and warrant the trial court's
granting of summary judgment for plaintiffs as a matter of law.

APPEAL by defendants from *Griffin, Judge.* Judgment
entered 20 May 1980 in Superior Court, BUNCOMBE County. Heard
in the Court of Appeals 2 March 1981.

Plaintiffs alleged in their complaint that defendants William
G. Brigman and wife, Flossie S. Brigman, were owners of a cer-
tain tract of land in Limestone Township in Buncombe County,
more particularly described as Lots Numbers 31 and 85, Ward 19,
Sheet 45 of the tax records of Buncombe County. Plaintiffs claim-
ed that they were entitled to a sixteen-foot right-of-way across
the northern portion of defendants Brigman's property by virtue
of record title. In the alternative plaintiffs alleged that they were
entitled to continued use of this right-of-way over defendants
Brigmans' property by virtue of a prescriptive easement.

Plaintiffs' complaint makes no mention of defendants Allen
and Clontz except to say that each of those defendants owned
specifically described separate parcels of land in the Limestone
Township of Buncombe County, and that the disputed roadway
also infringed upon defendants Allen and Clontz's land.

In October 1979 defendants Brigman filed an offer of judg-
ment pursuant to G.S. 1A-1, Rule 68 in which they offered to

allow plaintiffs the portions of the disputed right-of-way which touched upon their property. The record does not reveal any notice of acceptance by plaintiffs of the Brigmans' offer of judgment.

Defendants Allen and Clontz answered denying every material allegation of plaintiffs' complaint and asking the court to dismiss the action.

On 7 May 1980 plaintiffs filed their motion for summary judgment alleging there was no genuine issue of material fact. When considering this motion the court had before it the pleadings, the affidavit of one James Dorn, and the stipulations of counsel. The affiant, James Dorn, testified that the disputed right-of-way used by plaintiffs was virtually the same right-of-way which had been used by the original grantee of the right-of-way, Joseph Selby, in 1936. Stipulations of counsel were filed on 12 May 1980.

Among other things, counsel stipulated the following:

3. That the Plaintiffs are entitled to a 16-foot right of way extending along the Northern boundary of the property described in Deed Book 469, Page 83, in the Office of the Register of Deeds for Buncombe County, North Carolina, by the following terms and language:

"This conveyance is made subject to a 16-foot right of way as now used for services of the Joseph Selby 7-acre tract extending along the Northern line of the property herein conveyed."

. . .

6. No privity of title exists between Taylor — Ciszewski — Allen and Brigman — Ciszewski — Allen.

The court granted plaintiffs' motion for summary judgment. In its order the court made the following conclusions of law.

1. That all parties are properly before the Court and the Court has jurisdiction of the subject matter of this action.

2. That the Plaintiffs are entitled to a 16-foot right of way across the property of the Defendants by virtue of that right of way granted to the Plaintiffs and/or their predecessors in title in those instruments recorded in Deed Book 469, Page

83, and Deed Book 462, Page 487, recorded in the Office of the Register of Deeds for Buncombe County, North Carolina.

3. That the Plaintiffs are entitled to a 16-foot right of way by prescription under color of title by virtue of the aforesaid recorded instruments and the continual utilization of the driveway facilities since the year 1934.

It decreed that plaintiffs were entitled to the sixteen-foot wide right-of-way across defendants' land.

Defendants Allen and Clontz appealed from the court's order granting plaintiffs' motion for summary judgment.

*Marvin P. Pope, Jr., for plaintiff appellees.*

*Lawrence T. Jones for defendant appellants Allen and Clontz.*

*Erwin, Winner, and Smathers, by James P. Erwin, Jr., for defendant appellees Brigman.*

MORRIS, Chief Judge.

[1]   The judgment was in the form of a judgment entered after a hearing before the court as a trier of facts. It found facts and based on those findings of fact, made conclusions of law. We have repeatedly called to the attention of trial judges and lawyers that the court does *not* find facts upon a motion for summary judgment. It is completely obvious that if the court must *find* facts in order to make conclusions of law, there must be issues of fact, and the case, therefore, is not one in which summary judgment will lie. Summary judgment will lie only in those cases where there *is no genuine* issue of material fact. Here the court found as a fact that "the utilization of the roadway by the Plaintiffs has not been permissive by the Defendants Beatrice M. Allen and husband, A. B. Allen, and Seivwers Clontz a/k/a Seivwers F. Ciszewski." There was no stipulation to this fact, and it is necessary to decision, the allegation having been denied by defendants.

The wording of the court's judgment is obscure as to what legal concepts it applied in its determination of the appealing defendants' case. The court's second conclusion of law in which it concluded that plaintiffs were entitled to the right-of-way across

defendants' property by virtue of grant to plaintiffs' predecessors in title contained in instruments recorded in Deed Book 469, page 83, and Deed Book 462, page 487, located in the office of the Buncombe County Register of Deeds must be exclusively applied to defendants Brigman. The deeds granting the right-of-way upon which the court based its conclusion are part of the record. These grants are connected only to the chain of title of the Brigman property. There is no evidence whatsoever that any such grants were ever made by the predecessors in title to either the Allen or Clontz properties. Furthermore, counsel for the parties stipulated that no privity of title existed between plaintiffs and defendants Allen and Clontz and defendants Brigman.

[2]  The court must have applied the rationale of prescriptive easements to the facts applicable to defendants Allen and Clontz in making its judgment. Therefore, we must determine whether there was a genuine issue of any material fact relative to the question of whether plaintiffs had a prescriptive easement in the right-of-way where it invaded the property of defendants Allen and Clontz. The law with regard to the granting of prescriptive easements was summarized by Justice Huskins in *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

> 1. The burden of proving the elements essential to the acquisition of a prescriptive easement is on the party claiming the easement. *Williams v. Foreman*, 238 N.C. 301, 77 S.E. 2d 499 (1953), and cases therein cited.

> 2. The law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears. *Henry v. Farlow*, 238 N.C. 542, 78 S.E. 2d 244 (1954); *Speight v. Anderson*, 226 N.C. 492, 39 S.E. 2d 371 (1946), and cases therein cited.

> 3. The use must be adverse, hostile, or under a claim of right. *Dulin v. Faires*, 266 N.C. 257, 145 S.E. 2d 873 (1966); *Weaver v. Pitts*, 191 N.C. 747, 133 S.E. 2 (1926); *Mebane v. Patrick*, 46 N.C. 23 (1853). "To establish that a use is 'hostile' rather than permissive, 'it is not necessary to show that there was a heated controversy, or a manifestation of ill will, or that the claimant was in any sense an enemy of the owner of the servient estate.' [Citations omitted.] A 'hostile' use is simply a use of such nature and exercised under such circum-

stances as to manifest and give notice that the use is being made under a claim of right." *Dulin v. Faires, supra.* There must be some evidence accompanying the user which tends to show that the use is hostile in character and tends to repel the inference that it is permissive and with the owner's consent. *Boyden v. Achenbach, supra.* A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription. *Nicholas v. Furniture Co.,* 248 N.C. 462, 103 S.E. 2d 837 (1958); *Williams v. Foreman, supra.*

4. The use must be open and notorious. "The term adverse user or possession implies a user or possession that is not only under a claim of right, but that it is open and of such character that the true owner may have notice of the claim; and this may be proven by circumstances as well as by direct evidence." *Snowden v. Bell,* 159 N.C. 497, 75 S.E. 721 (1912).

5. The adverse use must be continuous and uninterrupted for a period of twenty years. *Speight v. Anderson,* 226 N.C. 492, 39 S.E. 2d 371 (1946). "The continuity required is that the use be exercised more or less frequently, according to the purpose and nature of the easement." J. Webster, Real Estate Law in North Carolina § 288 (1971). An interruption to an easement for a right-of-way "would be any act, done by the owner of the servient tenement, which would prevent the full and free enjoyment of the easement, by the owner of the dominant tenement. . . ." *Ingraham v. Hough,* 46 N.C. 39 (1853).

6. There must be substantial identity of the easement claimed. *Hemphill v. Bd. of Aldermen,* 212 N.C. 185, 193 S.E. 153 (1937). "To establish a private way by prescription, the user for twenty years must be confined to a definite and specific line. While there may be slight deviations in the line of travel there must be a substantial identity of the thing enjoyed." *Speight v. Anderson,* 226 N.C. 492, 39 S.E. 2d 371 (1946).

284 N.C. at 580-81, 201 S.E. 2d at 900-01.

Defendants insist that a question of fact existed as to whether plaintiffs' use of the right-of-way was permissive, or was adverse, hostile or under a claim of right. We agree.

As stated in *Dickinson v. Pake*, supra, the law presumed that a use is permissive unless the contrary appears. *See also, Nicholas v. Furniture Co.*, 248 N.C. 462, 103 S.E. 2d 837 (1958); *Henry v. Farlow*, 238 N.C. 542, 78 S.E. 2d 244 (1953); *Speight v. Anderson*, 226 N.C. 492, 39 S.E. 2d 371 (1946). A mere permissive use of a way over another person's land, regardless of the length of time the use continues, cannot ever ripen into an easement by prescription. *Dickinson v. Pake, supra; Dulin v. Faires*, 266 N.C. 257, 145 S.E. 2d 873 (1966). Plaintiffs argue that the evidence established beyond question that plaintiffs had a claim of right to the right-of-way. They contend that the evidence of the claim of right was sufficient to overcome the presumption of permissiveness as a matter of law.

Plaintiffs contend that the language of the two deeds recorded in Deed Book 469, page 83, and Deed Book 462, page 487 in the office of the Register of Deeds of Buncombe County gave plaintiffs color of title to the roadway. Plaintiffs take the position that the element of color of title automatically gave them a claim of right to the right-of-way which was sufficient to establish their right to a prescriptive easement.

Plaintiff asks us to hold that where a party allegedly holds an easement under color of title, that in itself conclusively establishes as a matter of law that he holds that easement under a claim of right. This we refuse to do.

Hostile or adverse use is simply the use of an alleged easement under such circumstances as to manifest and give notice that the use is being made under claim of right. *Dickinson v. Pake, supra.* Notice to the owners of the subservient tenement of the existence of the allged easement is crucial to the concept of holding under a claim of right. Notice of a claim of right could be given in many different ways.

Holding under color of title might be one way of establishing such notice. However, it might not always be conclusive evidence, standing alone, that the landowner has received notice of a claim of right, especially in light of the presumption that the use was permissive.

In the present case the question of whether plaintiff held his easement under a claim of right was for the jury. Plaintiff

established his color of title to the right-of-way through two deeds in the chain of title to the Brigman property. There is no evidence of any out conveyances of such an easement in the chains of title of either the Allen or Clontz properties. The general rule with regard to the influence of muniments of title outside of one's own chain of title is as follows:

> A purchaser is presumed to have examined each recorded deed or instrument in his line of title and to know its contents. He is not required to take notice of and examine recorded collateral instruments and documents which are not muniments of his title and are not referred to by the instruments in his chain of title. *Turner v. Glenn*, 220 N.C. 620, 18 S.E. 2d 197.

*Morehead v. Harris*, 262 N.C. 330, 340, 137 S.E. 2d 174, 184 (1964). Therefore, in this instance, we do not think that the deeds relied on by plaintiff sufficiently afforded defendants Allen and Clontz the notice of a claim of right that would be necessary to overcome the presumption of permissive use and warrant the court's granting summary judgment for plaintiff as a matter of law.

No other evidence of adverse or hostile use sufficient to show a claim of right is present except for the allegation of plaintiffs' complaint that they had neither asked for nor received permission to use the right-of-way, and that defendants had at times allowed branches and limbs to fall into the lane with the intent to discourage plaintiffs' use of the right-of-way.

In light of the presumption in cases of prescriptive easement that the use is permissive, we think that in this case this was a genuine issue of material fact that would have been best left to the jury. Therefore, we reverse the court's order granting summary judgment for plaintiff and remand this case to the Superior Court for trial.

Reversed and remanded.

Judges MARTIN (Robert M.) and WHICHARD concur.