D. B. AMOS, KAREN SULLIVAN, Executrix, Estate of SOLANGE M. AMOS, MARTIN AMOS, SUSAN AMOS TAPP, CHRISTOPHER AMOS, NIGEL AMOS, IRENE AMOS, HENRY WILLIS, and GERTRUDE WILLIS v. CAREY BATEMAN, NANCY C. BATEMAN, STANLEY PEELE, CAROLYN PEELE, and DON COLLINS

No. 8315SC411

(Filed 17 April 1984)

1. **Easements § 6.1— prescriptive easement—right to use road—belief of witness—ultimate question for jury**

     In an action to establish a prescriptive easement in a road running across defendants' land, testimony by a witness that he believed that plaintiffs have a right to use the portion of the road across his property constituted an opinion upon the ultimate fact to be determined by the jury and was properly excluded.

2. **Easements § 6.1— prescriptive easement—declaration of right to use road by predecessor—invasion of province of jury**

     In an action to establish a prescriptive easement in a road running across defendants' land, testimony by one plaintiff that his predecessor in title told him that the road was a traditional right-of-way access and that the predecessor had a right to use it constituted a conclusion which invaded the province of the jury and was not competent as a claim of right in the road.

3. **Adverse Possession § 25.1; Easements § 6.1— prescriptive easement in road— use not adverse to rights of other members of family**

     In an action to establish a prescriptive easement in a road running across defendants' land, the trial court in a nonjury trial did not err in determining

that the evidence was insufficient to rebut the presumption of permissive use by plaintiffs' predecessors in title whose adverse use was required to be tacked onto plaintiffs' adverse use in order to come within the 20 year statutory period, where it showed that the predecessors in title and the owners of the land which the road crossed were members of the same family.

APPEAL by plaintiffs from *Barnette, Judge.* Judgment entered 24 January 1983 in Superior Court, ORANGE County. Heard in the Court of Appeals 7 March 1984.

Plaintiffs seek a declaratory judgment that they have a prescriptive easement across an old road running from plaintiffs' property across three tracts of land owned by Stanley and Carolyn Peele, Carey and Nancy Bateman, and Don Collins. The defendants Stanley and Carolyn Peele and Don Collins concede that plaintiffs are entitled to such a right of way insofar as the road crosses their property. The court entered a preliminary injunction by consent restraining Carey and Nancy Bateman from blocking and obstructing the old road. The trial judge sat as a jury, made findings of fact and conclusions of law, and entered judgment denying plaintiffs an easement over the road through the Bateman property by prescription. Plaintiffs appeal.

*Winston, Blue & Rooks by David M. Rooks, III for plaintiff appellants.*

*Cheshire & Parker by D. Michael Parker for defendant appellees.*

HILL, Judge.

This is an action essentially to establish prescriptive title to a road running from plaintiffs' property across lands owned by defendants to a public road. Based on the pleadings, stipulations contained in the pretrial order, and the evidence at trial, the trial judge made findings of fact substantially as follows:

The plaintiffs are the owners of an 80.16 acre tract of land acquired 3 May 1965. The defendants are the owners of a tract of land acquired in 1980. Plaintiffs' property does not abut on a public road. There is a road running from plaintiffs' property across defendants' property to State Road 1129 which has been in existence at least 40 years. At one time this road extended across plaintiffs' lands and the lands of others, running from State Road

1129 to N.C. Highway 86. Some 10 or 15 years ago, that portion of the road running between plaintiffs' lands and N.C. Highway 86 became impassable. Prior to the time the road became impassable, plaintiff D. B. Amos occasionally used that portion of the road to reach N.C. Highway 86.

Before the 80.16 acre tract of land was sold to plaintiffs, Henry Ray and his wife lived on the tract and used the road which is the subject of this controversy as the primary means of access to State Road 1129. After plaintiff D. B. Amos purchased the land in 1965, he used the road occasionally, usually on an average of once a month or less. The course of the boundaries of the road have not changed since plaintiffs have owned the 80.16 acre tract of land. Since acquisition, D. B. Amos has graded the road and put gravel on the soft spots three times. Plaintiffs never sought permission to use the road, and defendants prior to blocking the road never advised the plaintiffs they could not use the road.

The defendants built a house on the land over which the road traverses and moved into the house in 1980. They improved the road from its intersection with State Road 1129 to the point where the driveway bears off to their house. Defendants acquired a right of way to use that portion of the road lying on the lands of Don Collins, and Don Collins has no objection to judgment being entered against him by plaintiffs to use that portion of the road.

Plaintiffs submitted a proposed finding of fact which would have found that prior to the purchase of the 80.16 acre tract by plaintiffs, Henry and Emily Ray lived on the 80.16 acre tract and used the road in excess of 15 years as the primary means of access to State Road 1129 under a claim of right. The court declined to adopt plaintiffs' proposed finding of fact.

Based on the foregoing findings of fact the trial judge made conclusions of law including:

1. That the road lying between the Plaintiffs' property and State Road 1129 has been in existence for a period of forty years.

2. That the Plaintiffs have used said road under claim of right since acquiring the 80.16 acre tract of land on May 3, 1965.

3. That the use of the road by Plaintiffs has not been of such a nature as to give notice to the Defendants Carey Batemand and wife, Nancy C. Bateman that said use was under claim of right and adverse to the Defendants Carey Bateman and wife, Nancy C. Bateman.

The court then entered judgment denying plaintiffs an easement across the lands of Carey and Nancy Bateman.

[1] Plaintiffs first contend the court erred in not permitting Don Collins to testify as to his understanding of plaintiffs' right to use the road. On direct examination by plaintiffs, Don Collins testified as follows:

Q. Do you object to the Amoses or Willises using the road across your property?

A. No, I do not. I'm . . .

Q. Do you believe they have a right to use the road across your property?

A. Yes.

MR. PARKER: Object.

A. I've closed . . .

COURT: Sustained as to that.

A. I also believe Mr. Bateman has a right. I think the record will show that I gave him an easement.

MR. PARKER: Object.

COURT: Sustained.

MR. PARKER: I would move to strike his response.

COURT: Motion allowed as to his response.

The question and answer requires an opinion on the ultimate fact—whether the plaintiffs had a legal right to the use of the roadway by adverse possession. A lay person may testify to the facts if he knows them, but he cannot give a legal opinion as to the legal effect of these facts. 1 Brandis on North Carolina Evidence § 130 (1982); *Memory v. Wells*, 242 N.C. 277, 87 S.E. 2d 497 (1955). The court was correct in sustaining the objection and striking the response to the question.

[2] Plaintiff's next assignment of error regards the testimony of D. B. Amos, over objection, that Henry Ray, his predecessor in title, told him the road was a traditional right of way access and that he (Henry Ray) had a right to use it. The court considered the statement only for the fact that he said it and not for the truth of the matter asserted. Plaintiff contends Henry Ray's declaration should have been admitted as a claim of right in and to the road. We disagree.

The evidence offered by the witness is a conclusion. It is the province of the jury to draw such conclusions from competent evidence, not the witness. A witness may tell what use has been made, or what acts of ownership have been exercised over the property; and then it is for the jury to say, under proper instructions, whether that act constitutes open, notorious, and adverse possession. See *Memory v. Wells, supra.* Although there is evidence that the road was used by predecessors in title to plaintiffs, we find nothing showing such use to be hostile and adverse to the owners of the land. The parties in interest at these times were brother and sister, or mother and son, facts which the trial judge acknowledged by his findings. Mere use, standing alone, is presumed to be permissive, *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974), particularly use by members of a family living as neighbors as in this case. This assignment of error is overruled.

[3] For their third assignment of error plaintiffs contend the court erred in failing to find that they and their predecessors in title used the old road openly and continuously under a claim of right for a period in excess of twenty years.

Plaintiffs contend this case falls within the parameters of *Potts v. Burnette,* 301 N.C. 663, 273 S.E. 2d 285 (1981). In that case plaintiffs' evidence, viewed in the most favorable light, showed that the disputed roadway was the only means of access to plaintiffs' land and the cemetery located thereon and had been openly and continuously used by plaintiffs, their predecessors in title and the public for a period of at least fifty years. No permission for such use had ever been asked or given. Plaintiffs, on at least one occasion, smoothed, graded, and gravelled the road and on other occasions attempted to work on the road. Although there was no evidence that plaintiffs thought they owned the road,

there was abundant evidence that plaintiffs considered their use of the road to be a right and not a privilege. This evidence was sufficient to rebut the presumption of permissive use and to allow, but not compel, a jury to conclude that the road was used under such circumstances as to give the defendants notice that the use was adverse, hostile, and under a claim of right, and that the use was open and notorious and with defendants' full knowledge and acquiesence.

Assuming, *arguendo*, the evidence in this case was sufficient for the judge sitting as a jury to find the use of the road to be a right and not a privilege, such evidence under *Potts, supra,* does not compel such a finding. The judge, sitting as a jury, stated at the close of all the evidence, *inter alia*, that the road was constantly and uninterruptedly used for a forty year period until the Batemans closed it, and that D. B. Amos used the road believing that he had a right to use it for the period of time that he owned it. The judge found no evidence that Henry Ray actually used the road adversely as to the rights of other members of his family. In order to come within the twenty year statute it is necessary to tack such use as D. B. Amos may have made to some adverse use by Henry Ray. This was not done. Apparently the judge believed the kinship of the parties was the foundation for cooperation among them rather than a hostile or adverse situation. He thereupon properly found that the presumption of permissive use had not been rebutted.

This assignment of error is overruled and judgment of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.