PEARLINE JOHNSON AND HUSBAND, JOHN WILLIAM JOHNSON v. WADE H. STANLEY

No. 8811DC1197

(Filed 17 October 1989)

**Easements § 6.1 (NCI3d)— failure to show hostile character of pathway use — no prescriptive easement**
     The absence of evidence showing the hostile character of plaintiffs' use of a pathway on defendant's land entitled him to judgment as a matter of law in plaintiffs' action to establish a prescriptive easement.

**Am Jur 2d, Easements and Licenses §§ 39 et seq.**

APPEAL by plaintiffs from Judgment entered 9 June 1988 in JOHNSTON County District Court by *Judge Elton C. Pridgen.* Heard in the Court of Appeals 11 May 1989.

*Lucas & Bryant, P.A., by W. Robert Denning, III, and Robert W. Bryant, Jr., for plaintiff-appellants.*

*Narron, O'Hale, Whittington & Woodruff, P.A., by James W. Narron, for defendant-appellee.*

BECTON, Judge.

The central issue in this appeal is whether plaintiffs, John and Pearline Johnson, acquired a prescriptive easement over the

lands of defendant, Wade H. Stanley. For the reasons that follow, we affirm the order granting summary judgment for Mr. Stanley.

I

These are the pertinent facts. Mr. and Mrs. Johnson own an 18-acre farm in Johnston County which, until 1986, was farmed by tenants. The Johnson farm adjoins the farm of Mr. Stanley, which in turn borders a public highway. For more than 60 years, the primary means of reaching the Johnson farm from the highway was by a pathway which traversed Mr. Stanley's land and the land of others. In January 1986, Mr. Stanley erected a barricade across the pathway, preventing access to the farm along that route. The barricade, which Mr. Stanley constructed because the Johnsons' tenants had been disturbing his family with late-night traffic and noise, was built across the pathway at the place that his land joined the Johnsons'. An alternative access to the Johnson farm was provided by a second path which, although it was wide enough for a car or an ordinary tractor, was too narrow to accommodate large farming equipment. As a result the Johnsons were unable to rent out their acreage for farming; however, the farmhouse on the land continued to be rented, and was reached by traveling the second path.

Mr. and Mrs. Johnson brought this suit seeking injunctive relief and damages, alleging in their complaint that they had acquired a prescriptive easement over Mr. Stanley's land. The Johnsons specifically alleged that they made repairs to the pathway at their own expense and that their use of the land gave Mr. Stanley notice that it was being used under a claim of right. Mr. Stanley moved for summary judgment on the ground that the Johnsons' use of his land was not hostile, a prerequisite to establishing a prescriptive easement. In support of his motion Mr. Stanley presented evidence that repairs to the pathway were performed only on the Johnsons' land, not his. Mr. and Mrs. Johnson offered no contradictory evidence, and Mr. Stanley's motion was granted.

II

The Johnsons contend on appeal that their continuous use and periodic repair of the pathway constituted adverse, hostile, open and notorious use, entitling them to an easement by prescription. Mr. Stanley contends, on the other hand, that he was entitled to judgment as a matter of law because an essential element of

the Johnsons' claim to a prescriptive easement — hostility — is missing. We agree with Mr. Stanley.

A

We turn first to the general rules regarding prescriptive easements. A prescriptive easement or right-of-way over the land of another, being acquired in the manner of adverse possession, is disfavored in the law. *See Potts v. Burnette*, 301 N.C. 663, 667, 273 S.E.2d 285, 288 (1981). Entitlement to an easement by prescription is restricted because a landowner's " 'mere neighborly act' " of allowing someone to pass over his property may ultimately operate to deprive the owner of his land. *Id.* (citation omitted). For this reason, mere use alone is presumed to be permissive, and, unless that presumption is rebutted, the use will not ripen into a prescriptive easement. *Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E.2d 897, 900 (1974).

To establish entitlement to an easement, the claimant must prove by the greater weight of the evidence each of the following essential elements: (1) that the use was *adverse, hostile, or under a claim of right*; (2) that the use was open and notorious such that the true owner had notice of the claim; (3) that the use was continuous and uninterrupted for twenty years or more; and (4) that there was substantial identity of the easement for the twenty-year period. *Potts*, 301 N.C. at 666, 273 S.E.2d at 287-88. Only the first element is in dispute here.

The three components of the first element are, for the most part, synonymous. "Adverse" means "[h]aving opposing interests," Black's Law Dictionary 49 (5th ed. 1979), and "[t]he term adverse use . . . implies a use . . . that is not only under a claim of right, but that is open and of such character that the true owner may have notice of the claim. . . ." *Warmack v. Cooke*, 71 N.C. App. 548, 552, 322 S.E.2d 804, 807-08 (1984), *disc. rev. denied*, 313 N.C. 515, 329 S.E.2d 401 (1985) (citing *Snowden v. Bell*, 159 N.C. 497, 500, 75 S.E. 721, 722 (1912) ).

The requirement that the use be "hostile" before a prescriptive easement is established does not mean that animosity must exist between the claimant and the true owner; " '[a] "hostile" use is simply a use of such a nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right.' " *Dickinson*, 284 N.C. at 581, 201 S.E.2d

at 900 (quoting *Dulin v. Faires*, 266 N.C. 257, 145 S.E.2d 873 (1966). The term "claim of right" is widely considered to be merely a restatement of the hostility requirement. *See, e.g., Chaplin v. Sanders*, 100 Wash. 2d 853, 676 P.2d 431 (1984); *Svoboda v. Johnson*, 204 Neb. 57, 281 N.W.2d 892, 898 (1979); *H.L. Brown & Assocs., Inc. v. McMahon*, 525 S.W.2d 553, 558 (Tex. Civ. App. 1975). A "claim of right" is an intention to claim and use land as one's own. Black's Law Dictionary at 225. Notice to the true owner of the existence of the alleged easement is "crucial to the concept of holding under a claim of right." *Taylor v. Brigman*, 52 N.C. App. 536, 541, 279 S.E.2d 82, 85-86 (1981). Notice of a claim of right may be given in a number of ways, including holding under color of title, *see id.* at 541, 279 S.E.2d at 86, or by open and visible acts such as repairing or maintaining the way over another's land. *See, e.g., Potts*, 301 N.C. at 668, 273 S.E.2d at 289 (plaintiffs smoothed, graded and gravelled road); *Dickinson*, 284 N.C. at 583, 201 S.E.2d at 901 (plaintiffs performed slight maintenance to keep road passable); *Perry v. Williams*, 84 N.C. App. 527, 529, 353 S.E.2d 226, 228 (1987) (plaintiff's agent placed brickbats and rocks in holes in road).

In the absence of positive evidence evincing an adverse, hostile use or claim of right over another's land sufficient to put the owner on notice, the presumption of permissive use is not rebutted, and the claimant is not entitled to a prescriptive easement. *See Amos v. Bateman*, 68 N.C. App. 46, 51, 314 S.E.2d 129, 131-32 (1984); *Orange Grocery Co. v. CPHC Investors*, 63 N.C. App. 136, 304 S.E.2d 259 (1983). "A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription." *Dickinson*, 284 N.C. at 580, 201 S.E.2d at 900.

With these principles in mind, we turn now to the question of whether Mr. Stanley was entitled to summary judgment.

B

A party is entitled to summary judgment only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, R.Civ. P. 56(c) (1983). Summary judgment should be granted for the moving party if he meets the burden of proving that an essential element

of the opposing party's claim is nonexistent, and the opposing party then fails to produce evidence demonstrating that genuine fact issues do remain for trial. *See Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 223, 333 S.E.2d 299, 302 (1985); *White v. Hunsinger*, 88 N.C. App. 382, 386, 363 S.E.2d 203, 204 (1989).

Here, Mr. Stanley submitted the deposition of Mrs. Johnson, his own deposition and affidavit, and the Johnsons' answers to interrogatories. Together these materials showed unequivocally that repairs to the pathway were made on the Johnsons' land, rather than on Mr. Stanley's land. At her deposition, Mrs. Johnson repeatedly identified the area where the repairs were made as "right below [Mr. Stanley's] land" on the Johnsons' side of the barricade. Mr. and Mrs. Johnson submitted no evidence showing that any repairs were made on Mr. Stanley's land. Thus, apart from the Johnsons' use of the pathway as a means of ingress and egress, there is no evidence of any acts which should have put Mr. Stanley or his predecessors on notice that Johnsons' use was adverse, hostile, or under a claim of right. As stated above, mere use alone is insufficient to establish a prescriptive easement. *See Amos*, 68 N.C. App. at 50, 314 S.E.2d at 132. Accordingly, we hold the absence of evidence showing the hostile character of the use of the pathway on Mr. Stanley's land entitled him to judgment as a matter of law. *Cf. Godfrey v. Van Harris Realty, Inc.*, 72 N.C. App. 466, 471, 325 S.E.2d 27, 30 (1985) (landowner entitled to directed verdict when essential element of prescriptive easement claim missing).

In deciding as we do, we are fully cognizant that the barricade prevents the Johnsons from renting out their land for farming since the second path is at present too narrow to permit farming equipment to pass. This fact alone does not entitle them to a prescriptive easement as a matter of right. *Cf. Presley v. Griggs*, 88 N.C. App. 226, 233-34, 362 S.E.2d 830, 834-35 (1987) (prescriptive easement found in farm road which provided sole means of access *and* to which repairs were made). This fact may, however, provide the basis for bringing a special proceeding to establish a cartway across Mr. Stanley's land pursuant to N.C. Gen. Stat. Sec. 136-69 (1986). *Cf. Mayo v. Thigpen*, 107 N.C. 63, 11 S.E. 152 (1890) (claimant entitled to cartway over land of another because existing path connecting his land to a public road was impassable). In making this point, we emphasize that nothing in this opinion should be construed to affect the outcome of such an action, should the Johnsons choose to bring one.

The judgment of the trial court is

Affirmed.

Judges PHILLIPS and LEWIS concur.