CARL F. ROTEN AND WIFE CELIA G. ROTEN, PETITIONERS v. DWIGHT CRITCHER, ROGER CRITCHER, SAMMY CRITCHER AND WIFE, GLORIA CRITCHER, RESPONDENTS

No. COA99-34

(Filed 2 November 1999)

**Highways and Streets— neighborhood public road—summary judgment for respondents**

The trial court correctly granted summary judgment for respondents in an action to establish a neighborhood public road where the issue was whether the road had been established by prescriptive easement in 1941, the enactment date of the applica-

ROTEN v. CRITCHER

[135 N.C. App. 469 (1999)]

ble statutory definition; petitioners' evidence of uses of the road did not show that the uses were not permissive, and uses must be assumed consensual in the absence of such a showing; and the establishment of a cartway in 1936 interrupted any continuity of use petitioners may have shown between 1921 and 1941.

Appeal by petitioners from judgment entered 29 September 1998 by Judge Jesse B. Caldwell, III in Superior Court, Watauga County. Heard in the Court of Appeals 20 September 1999.

*Manning, Fulton & Skinner, P.A., by Cary E. Close, for petitioners appellants.*

*Clement & Yates, by Charles E. Clement, for respondents appellees.*

TIMMONS-GOODSON, Judge.

Petitioners initiated a special proceeding by filing, *pro se*, a Petition for Establishment of a Neighborhood Public Road with the Watauga County Clerk of Superior Court. The Clerk entered an order dismissing the Petition and petitioners gave notice of appeal to the Superior Court. Judge Dennis J. Winner of the Watauga County Superior Court entered an order reversing the dismissal of the Petition and remanding the matter to the Watauga County Clerk for a hearing *de novo*. Upon motion of the Watauga County Clerk, the matter was transferred to the Avery County Clerk of Superior Court for hearing. The matter was heard by the Avery County Clerk of Superior Court, who entered an order denying the Petition. From this motion, petitioners gave notice of appeal to the Watauga County Superior Court.

On 14 September 1998, respondents' motion to dismiss for failure to state a claim and motion for summary judgment were heard by Watauga County Superior Court Judge Jesse B. Caldwell, III. Judge Caldwell denied respondents' Rule 12(b)(6) motion, but granted respondents' motion for summary judgment on the basis that the road serves an "essentially private use." Petitioners appeal.

Petitioners' evidence at the summary judgment hearing tended to show the following. Ridgewood Road ("the road") is located near the community of Deep Gap in the mountains of North Carolina. The portion of the road in issue begins at U.S. Highway 421 and continues north across the property of Carl F. Roten and wife Celia G. Roten

(collectively "respondents"), then across the property of Dwight Critcher, Roger Critcher, Sammy Critcher and wife Gloria Critcher (collectively "petitioners"). Petitioners use the portion of the road in issue as their only means of access to Highway 421.

Respondents have questioned petitioners' use of the road. Respondent Dwight Critcher told petitioner Carl Roten that he could "put up a gate" across that part of the road which runs across respondents' property. As a result, petitioners brought a special proceeding to have the portion of the road leading from Highway 421 to their property declared a neighborhood public road.

In 1936, petitioners' predecessors in title had the portion of the road which begins at Highway 421 and crosses respondents' property established as a cartway. Since 1918, the road has been used as a means of ingress and egress by families living on the road as well as by the general public. In the early 1900's through the 1920's, the road was used by people traveling from Deep Gap to reach the general store and the train station in the Brownwood area. Additionally, the road was used by a teacher and students who lived in Brownwood in order to reach the Deep Gap School. In the 1930's and 1940's, the road was used by people who lived in Deep Gap to travel home after fishing in Gap Creek. The doctor in Todd, North Carolina, and those visiting him traveled the road. In the past, travelers proceeded north on the road from Highway 421 in order to reach Highway 221, but at present locked gates along the road block access to Highway 221. The road is outside of the boundaries of any incorporated city or town.

Respondents' evidence at the summary judgment hearing tended to show the following. The portion of the road in issue is a short segment leading from Highway 421 to petitioners' property. Petitioners' evidence as to past usage of the road addresses the portion of the road beyond petitioners' residence, and does not address the portion of the road petitioners request to be declared a neighborhood public road. After 1936 when the cartway was established, there is no evidence that any use of the road was without the permission of respondents' predecessors in title.

Petitioners appeal the order granting respondents' motion for summary judgment on the basis that the road serves an "essentially private use."

The central issue of this appeal is whether Ridgewood Road was an established legal road by prescription in 1941. For the reasons

stated herein, we affirm the order granting summary judgment for respondents.

By their only assignment of error, petitioners argue that the trial judge erred in granting summary judgment in favor of respondents, and in failing to grant summary judgment in favor of petitioners, where there were no genuine issues of material fact with regard to whether the road at issue met the statutory definition of neighborhood public road. We cannot agree.

An entry of summary judgment by the trial court is fully reviewable by this Court. *Va. Electric and Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986). A party is entitled to summary judgment as a matter of law when there is no genuine issue of material fact as to any triable issue. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 473, 251 S.E.2d 419, 423-24 (1979). Following a motion for summary judgment, where the forecast of evidence available for trial demonstrates that a party will not be able to make out a *prima facie* case at trial, there is no genuine issue of material fact and summary judgment is appropriate. *Boudreau v. Baughman*, 322 N.C. 331, 342, 368 S.E.2d 849, 858 (1988).

The moving party must show the lack of a triable issue, and may do so by proving that an essential element of the nonmoving party's claim is nonexistent. *Id.* "All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Id.* at 343, 368 S.E.2d at 858. Once the movant has shown the lack of a genuine issue of material fact, the burden shifts to the opposing party to show there is a genuine issue for trial. *Railway Co. v. Werner Industries*, 286 N.C. 89, 97, 209 S.E.2d 734, 738 (1974).

North Carolina General Statutes section 136-67 declares three types of roads to be neighborhood public roads. N.C. Gen. Stat. § 136-67 (Cum. Supp. 1998). The type of road in issue is the third one, described as:

all . . . roads or streets or portions of roads or streets whatsoever outside of the boundaries of any incorporated city or town in the State which serve a public use and as a means of ingress or egress for one or more families, regardless of whether the same have ever been a portion of any State or county road system.

*Id.* The above definition of a neighborhood public road was enacted in 1941. *See* 1941 N.C. Sess. Laws Ch. 183. The statute also contains a 1941 proviso which declares: "this definition of neighborhood public roads shall not be construed to embrace any street, road or driveway that serves an essentially private use[.]" N.C.G.S. § 136-67. In *Jarvis v. Powers*, 80 N.C. App. 355, 365, 343 S.E.2d 195, 201 (1986), this Court stated: "[t]he proviso allows for some public use, but requires a determination whether the road was 'essentially' a private or a public roadway." *See also Speight v. Anderson*, 226 N.C. 492, 496, 39 S.E.2d 371, 373-74 (1946).

Whether a road constitutes a neighborhood public road must be "determined as of the enactment date of the applicable statutory definition." *Jarvis*, 80 N.C. App. at 364, 343 S.E.2d at 201 (instructing the trial court on remand to consider whether the roadway served an essentially private use in 1941 and if it did not, to declare the roadway a neighborhood public road).

As stated above, the definition of neighborhood public road in issue and the proviso regarding an "essentially private use" were enacted in 1941. Accordingly, the status of Ridgewood Road in 1941 is the relevant inquiry for determining whether it is a neighborhood public road for purposes of North Carolina General Statutes section 136-67.

The definition of neighborhood public road in issue refers to traveled ways which were "*established* easements or roads or streets in a legal sense" at the time of the 1941 amendment. *Speight*, 226 N.C. at 496, 39 S.E.2d at 373 (emphasis added). The General Assembly may not create a public way where none was established in 1941, "for, to do so, would be taking private property without just compensation." *Id.*

In a legal sense, the term "roads" means roads established by law by such means as dedication, condemnation or prescription. *West v. Slick*, 313 N.C. 33, 48, 326 S.E.2d 601, 610 (1985). Petitioners argue that Ridgewood Road was an established legal road in 1941 by prescription.

The claimant alleging prescriptive easement must prove twenty years of continuous use of the road prior to 1941. *Speight*, 226 N.C. at 496, 39 S.E.2d at 374. In other words, the relevant time period for proving the prescriptive easement is twenty years prior to the enactment of the statute, or from 1921 to 1941. In keeping with North

Carolina General Statutes section 136-67, the following elements must have been present in 1941 in order to establish a neighborhood public road:

(1) the road or portions thereof is outside of city or town limits;

(2) serves a public use and not an essentially private use;

(3) serves as a means of ingress or egress;

(4) for one or more families.

*West*, 313 N.C. at 48, 326 S.E.2d at 610. A fifth element must also be present in light of the Supreme Court's holding in *Speight*:

(5) the claimant alleging a prescriptive easement must show continuous and open public use for twenty years between 1921 and 1941.

*Speight*, 226 N.C. at 496, 39 S.E.2d at 374.

In the case *sub judice*, respondents concede petitioners have shown that the roadway in question is outside city or town limits, that it has served as a means of ingress and egress for one or more families, and that it has served members of the public at various points in time. At issue is whether petitioners forecasted evidence at summary judgment which would tend to establish a road by prescription.

A petitioner must prove the following elements by the greater weight of the evidence in order to prevail in an action to establish an easement by prescription:

(1) that the use is adverse, hostile or under claim or right;

(2) that the use has been open and notorious such that the true owner had notice of the claim;

(3) that the use has been continuous and uninterrupted for a period of at least twenty years; and

(4) that there is substantial identity of the easement claimed throughout the twenty-year period.

*West*, 313 N.C. at 50, 326 S.E.2d at 611 (citing *Accord Potts v. Burnette*, 301 N.C. 663, 273 S.E.2d 285 (1981)). The law presumes the use of a way over another's land is permissive or with the owner's consent unless there is evidence to the contrary. *Johnson v. Stanley*, 96 N.C. App. 72, 74, 384 S.E.2d 577, 579 (1989). Furthermore, mere permissive use can never ripen into an easement by prescription. *Id.*

**ROTEN v. CRITCHER**

[135 N.C. App. 469 (1999)]

Petitioners presented the following pertinent evidence of prescriptive easement at summary judgment. In the early 1900's through the 1920's, people used Ridgewood Road to travel from Deep Gap to the general store in the Brownwood area. Ridgewood Road was used by the general public to access the Deep Gap school which was located at the intersection of Ridgewood Road and U.S. Highway 421. At least one person used the road to haul railroad ties from Deep Gap to the train station at Brownwood. In the 1930's, people who lived in Deep Gap traveled home on the road after fishing in the Gap Creek. The doctor in Todd, North Carolina and his patients also traveled the road. In the past, travelers proceeded north on the road from Highway 421 in order to reach Highway 221.

We agree with respondents that petitioners' evidence fails to satisfy the requirements of prescriptive easement. Specifically, petitioners' evidence does not show that the above uses of the road were not permissive, and in the absence of such a showing, we must assume the uses were with the consent of the owner. *See Johnson*, 96 N.C. App. at 74, 384 S.E.2d at 579.

Furthermore, petitioners' evidence showed that their predecessor in title brought a cartway proceeding in 1936 after he was denied permission to use the road. A cartway was established over the same part of Ridgewood Road that petitioners currently seek to have declared a neighborhood public road. Petitioners contend that the establishment of the cartway in 1936 should not prevent this Court from finding that Ridgewood Road was a public road. Petitioners argue that they are not bound by any findings in the cartway proceeding and point out that the definition of neighborhood public road under which they are proceeding was not yet enacted at the time of the cartway proceeding.

We agree with respondents that the establishment of the cartway interrupted any continuity of use petitioners may have shown. The cartway was established in 1936 so that petitioners' predecessor in title could harvest timber from the land served by the cartway. Therefore, petitioners cannot show that the public continuously used the road between between 1921 and 1941. As petitioners' forecast of evidence does not show a prescriptive easement existed for the statutory period, they failed to make out a *prima facie* case that Ridgewood Road should be declared a neighborhood public road pursuant to North Carolina General Statutes section 136-67. Thus, the trial court did not err in granting summary judgment for respondents.

We note that our decision does not leave petitioners without any means of relief if their use of the road is challenged. As petitioners stated in their brief, they have the right to use the cartway established by their predecessor in title. Petitioners may enforce that right even though the road is not designated a neighborhood public road.

For the reasons stated herein, the order of summary judgment by the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge MARTIN concur.