THAD DOTSON AND WIFE, LILLIAN DOTSON, JAMES R. DOTSON AND WIFE, THELMA W. DOTSON, JESSE DAL DOTSON, WIDOWER, HEIDI F. DOTSON, LEGALLY SEPARATED, MARY BURTON AND HUSBAND, WIRRON BURTON, B. DWIGHT DOTSON AND WIFE, BETTY DOTSON, TONY DANIEL DOTSON AND WIFE, MIRIAM DOTSON, JIM L. BURRELL AND WIFE, ALICE D. BURRELL, AND ROGER QUENTIN ANDERSON AND WIFE, JUDITH ANN PULLEY ANDERSON v. WILLIAM A. PAYNE AND WIFE, BETTY J. PAYNE

No. 8428SC514

(Filed 18 December 1984)

1. **Highways and Cartways § 11.1— prescriptive easement over old logging road —evidence insufficient to show neighborhood public road**

   In an action to establish a prescriptive easement over an old logging road, defendants' motions for a directed verdict and for judgment n.o.v. should have been granted on the issue of neighborhood public road where plaintiffs failed to establish that the roadway ever served a public use or that the portion of

the roadway traversing the defendants' property was an established road or street or was a properly established easement under the law. G.S. 136-67.

**2. Easements § 6.1— prescriptive easement over old road—evidence sufficient for jury**

In an action to establish a prescriptive easement over an old logging road, defendants' motions for a directed verdict and for judgment n.o.v. were properly denied on the issue of adverse use where plaintiffs presented evidence that the disputed roadway was the only means of access to the plaintiffs' land, that it had been openly and continuously used by the plaintiffs or their predecessors-in-title for more than 20 years, that permission to use the road was never asked nor given, and that plaintiffs had on at least one occasion smoothed the road or attempted to work on it. However, because the issue of neighborhood public road was improperly submitted to the jury and its effect on the prescriptive easement issue could not be determined, the issue of prescriptive easement was remanded.

**3. Compromise and Settlement § 6— prescriptive easement—testimony of settlement negotiations—improperly admitted**

In an action to establish a prescriptive easement over an old logging road, the trial court erred by not striking a portion of the testimony of plaintiffs' surveyor concerning settlement negotiations from which the jury could infer that plaintiffs recognized a right-of-way over their property in defendants' favor.

**4. Evidence § 31— prescriptive easement—prior right-of-way agreement—document not introduced—best evidence rule violated**

In an action to establish a prescriptive easement over an old logging road, the court erred by admitting testimony concerning a 1938 agreement between all the landowners on the road where plaintiffs did not produce the original document or evidence to excuse the nonproduction of the document referred to in the testimony.

APPEAL by defendant from *Howell, Judge.* Judgment entered 16 November 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 24 October 1984.

*Brock, Begley & Drye by Wm. Michael Begley for plaintiff appellees.*

*Jack W. Westall, Jr., by K. G. Lindsey for defendant appellants.*

BRASWELL, Judge.

In this land lawsuit the plaintiffs want the right to a prescriptive easement over and along the southwest boundary line of the defendants' property for a right-of-way for ingress,

egress, and regress to the plaintiff Andersons' adjoining property and to the remaining plaintiffs' remote and non-contiguous property. An old logging road allegedly traversed the area. In a jury trial the two issues of easement by twenty years' adverse use and easement by establishment of a neighborhood road were answered in plaintiffs' favor. The defendants appeal alleging errors in the admission of evidence and errors of law in failing to grant defendants' motions for directed verdict and judgment notwithstanding the verdict.

Also, defendants contend that it was prejudicial error to allow an amendment to the pleading to conform to the evidence and to charge on the issue of a neighborhood public road. We agree and order a new trial as to whether the plaintiffs can establish a prescriptive easement.

The plaintiff Andersons' 12.40-acre tract (hereinafter referred to as the Anderson tract) adjoins the southwest boundary of the defendants' property. The remaining fourteen plaintiffs own a portion of a 129.40-acre tract of land (the Dotson tract) which is located east of the defendants' tract. The Dotson tract and the defendants' tract are separated by a 200-acre tract of land owned by the Presbytery of Asheville. According to the plaintiffs, there exists a roadway reaching to the northwest up to Old Fort Road, and extending southeast across the defendants' and the Andersons' common boundary, across the Presbytery property to the Dotson tract.

In 1980, the defendants purchased its 13.13-acre tract from John E. Fite, *et al.* In this deed, the description of the southwest boundary refers to a road and to a plat which shows a twenty-foot roadway along this boundary. The deed also contains the following language:

TOGETHER WITH the burdens and benefits of the right of way as described herein and as shown on the aforesaid plats, along and with the Southwestern boundary of the property and of a separate priveate [sic] road as described herein which bounds the Southeastern portion of the property.

In 1981 and 1982, the plaintiffs executed right-of-way agreements with all the landowners, except the defendants, on whose property the roadway traversed. On 25 February 1983, the

plaintiffs instituted this action against the defendants alleging
two alternative theories in the complaint by which the plaintiffs
could establish their right to use that portion of the road crossing
the defendants' property. The plaintiffs first asserted that this
roadway was dedicated to the public by the defendants' predeces-
sor-in-title and others in a 1938 petition and right-of-way agree-
ment offered to, but not accepted by, the State Highway and
Public Works Commission. The complaint's second theory alleged
that the plaintiffs have acquired an easement by prescription over
the southwest boundary of the defendants' property.

At trial, the plaintiffs filed a written motion to amend the
pleadings to conform to the evidence in order to have submitted
to the jury the issue of whether or not this roadway constituted a
neighborhood public road under G.S. 136-67. Their motion was
granted by the trial court. The defendants offered no evidence of
their own at trial.

Only the following two issues, answered in favor of the plain-
tiffs, were submitted to the jury:

1. Have the plaintiffs acquired an easement over the
lands of the defendants by adverse use of the road described
in the Complaint for a period of twenty (20) years before this
action was filed on February 25, 1983?

2. Have the plaintiffs acquired an easement over the
lands of the defendants by the establishment of a neighbor-
hood road in 1941?

Of the plaintiffs' eight assignments of error, the deter-
minative issue on appeal is whether the trial court properly de-
nied the defendants' G.S. 1A-1, Rule 50(a) motion for a directed
verdict and their later Rule 50(b) motion for judgment notwith-
standing the verdict. A motion for judgment notwithstanding the
verdict is technically a renewal of the motion for a directed ver-
dict. The motion asks that the judgment be entered in accordance
with the movant's earlier motion for a directed verdict, notwith-
standing the contrary verdict rendered by the jury. Thus, the
standard of our review for both motions is the same. *Dickinson v.
Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). We must determine
whether the evidence taken in the light most favorable to the

plaintiffs was sufficient for submission of the case to the jury. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982).

At the outset, we note that it appears from the record that the plaintiffs abandoned at trial, and likewise on appeal, their easement by dedication theory. To establish the dedication of a road for public use, the plaintiffs must show by competent evidence that the dedication was offered and accepted by the appropriate authority. *Ramsey v. Dept. of Transportation*, 67 N.C. App. 716, 313 S.E. 2d 909, *disc. rev. denied*, 311 N.C. 306, 317 S.E. 2d 681 (1984). As conceded in the plaintiffs' brief, the 1938 petition and right-of-way agreement executed in favor of the State by the landowners whose property was crossed by the roadway was never accepted by the State. Since no dedication of this roadway occurred, the plaintiffs could establish no right on this theory to use the portion of the road located on the defendants' property.

We also find it important to note that the plaintiffs did not proceed at trial on the basis that the petition and right-of-way agreement granted to, but not accepted by, the State or the "burdens and benefits" clause in the defendants' deed constituted an express easement of record in their favor. As stated earlier, the 1938 right-of-way agreement does not purport to grant any right of ingress or egress to any person, including the plaintiffs, other than the State. Similarly, although the deed to the defendants refers to the roadway in question as a right-of-way, the clause does not expressly grant an easement, expressly reserve an easement, or identify any instrument that had previously granted the plaintiffs an easement across this portion of the defendants' property.

In order to determine whether the defendants' motions were properly denied, we must first determine whether the plaintiffs presented sufficient evidence to have the issues of prescriptive easement and neighborhood public road submitted to the jury. The more troublesome of the two issues, neighborhood public road, will be discussed first.

[1] The plaintiffs claim that they presented sufficient evidence that the disputed roadway became a neighborhood public road in 1941 pursuant to G.S. 136-67. This statute declares three different types of existing roads as neighborhood public roads. *Walton v. Meir*, 14 N.C. App. 183, 188 S.E. 2d 56, *cert. denied*, 281 N.C. 515,

189 S.E. 2d 35 (1972). The plaintiffs argue that the roadway in question falls within the third type of roadway specified in the statute which was created by a 1941 amendment to the statute and further amended in 1949. This portion of G.S. 136-67 specifies that

> all other roads or streets or portions of roads or streets whatsoever outside of the boundaries of any incorporated city or town in the State which serve a public use and as a means of ingress or egress for one or more families, regardless of whether the same have been a portion of any State or county road system, are hereby declared to be neighborhood public roads. . . .

The statute further provides that "this definition of neighborhood public roads shall not be construed to embrace any street, road or driveway that serves an essentially private use." *Id.* From our review of the evidence presented, the plaintiffs have failed to establish that this roadway ever served a public use. Although there was testimony by the Dotsons that at different times before 1941, two or three families had lived and worked the Dotson tract, the plaintiffs have not presented evidence that the road was used by the general public or by anyone other than those who were at the time residing on the tract. According to plaintiff Thad Dotson, around 1941, the operative time of this portion of the statute, the road was used by the Searcy family who farmed the land as sharecroppers "for general travel to and from outside places." After the Searcys left in the early 1940's, another family moved on the Dotson tract and "used the road for about the same purposes as the . . . Searcys." During this time the Dotson family who still owned the tract only used the road periodically to see about the farm, to harvest firewood, and to hunt. Thus, the plaintiffs' evidence tends to show that in 1941 this roadway served an essentially private use, and not a public one.

In 1946, the portion of G.S. 136-67 which deals with the third type of public road was a new amendment to the statute. The Supreme Court in *Speight v. Anderson*, 226 N.C. 492, 496, 39 S.E. 2d 371, 373 (1946), interpreted the statute's legislative intent:

> The General Assembly is without authority to create a public or private way over the lands of any citizen by legislative fiat, for, to do so, would be taking private property

without just compensation. (Citation omitted). In construing the amendment, therefore, we may not assume that such was its intent. It follows that the 1941 Act . . . necessarily refers to traveled ways which were at the time established easements or roads or streets in a legal sense. It cannot be construed to include ways of ingress and egress existing by consent of the landowner as a courtesy to a neighbor, nor to those adversely used for a time insufficient to create an easement.

We hold that the evidence presented by the plaintiffs fails to show that in 1941 the portion of this roadway traversing the defendants' property was an established road or street or was a properly established easement under the law. Thus, with regard to the neighborhood public road issue, the defendants' motion for a directed verdict and later motion for judgment notwithstanding the verdict should have been granted. Because the plaintiffs did not make out a case sufficient to carry the issue of neighborhood public road to the jury, it was prejudicial error for the trial court to allow an amendment to the pleading to allegedly conform to the evidence and to charge on the issue of neighborhood public road.

[2] With regard to the other issue submitted to the jury, it does appear that the plaintiffs may have presented a prima facie case for the submission to the jury the issue of prescriptive easement. The defendants would be "entitled to a directed verdict, and thus, a judgment notwithstanding the verdict only if the evidence, when considered in the light most favorable to the plaintiffs, fails to show the existence of each and every element required to establish an easement by prescription." *Potts v. Burnette*, 301 N.C. 663, 665, 273 S.E. 2d 285, 287 (1981). For the establishment of a prescriptive easement, the plaintiffs must show the following elements by the greater weight of the evidence: "(1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period. *Id.* at 666, 273 S.E. 2d at 287-88.

The defendants contend that the plaintiffs have failed to present evidence to rebut the presumption that their use of the roadway was permissive.

We find that this case is factually similar to *Dickinson v. Pake, supra,* and *Potts v. Burnette, supra.* In both of these cases the plaintiffs presented evidence that the disputed roadway was the only means of access to the plaintiffs' land, that it had been openly and continuously used by the plaintiffs or their predecessors-in-title for more than twenty years, that permission to use the road was never asked nor given, and that the plaintiffs had on at least one occasion smoothed the road or attempted to work on it. In both instances, the Supreme Court held that this evidence was sufficient to rebut the presumption of permissive use and to allow, but not compel, a jury to conclude that a prescriptive easement had been established. Likewise, in the present case, Thad Dotson testified that the road in question was the only means of access to their property, that they had periodically worked on the road, and that he "never asked anybody's permission to use the road and nobody ever gave [him] permission to use the road." We conclude therefore that this issue was properly submitted to the jury.

However, even though the defendants' motions may have been properly denied with regard to the prescriptive easement issue, we cannot allow the jury's verdict in the plaintiffs' favor to stand as is. Because the issue of neighborhood public road was improperly submitted to the jury and since we are unable to determine how this error may have affected the jury's answer on the prescriptive easement issue, we must remand this case for a new trial as to whether the plaintiffs can establish a prescriptive easement.

[3] Two other assignments of error raised by the defendants also justify granting a new trial. The defendants contend the trial court committed reversible error when it failed to grant their motion to strike concerning a portion of the testimony of Bill Bradley, a registered land surveyor called by the plaintiffs. On redirect examination, Mr. Bradley stated:

When I was out there on the road earlier with you [plaintiffs' attorney] and Mr. Westall [defendants' attorney] it was to

decide if we could establish a right of way over Mr. Payne's property.

When asked later what he did on another trip to the property, Bradley replied that he tied markers to "the points that you and Mr. Westall had flagged."

We agree with the defendants that this evidence was inadmissible because it concerns settlement negotiations between the parties. From Bradley's testimony, the jury could infer that the defendants did in fact recognize a right-of-way over their property in the plaintiffs' favor. In order to encourage the out-of-court settlement of disputes, North Carolina law forbids the admission of evidence having to do with, and made in the course of, settlement negotiations. *See Rowe v. Rowe*, 305 N.C. 177, 287 S.E. 2d 840 (1982). We hold, therefore, that the trial court committed reversible error by failing to grant the defendants' motion to strike and that since the admission of this evidence was highly prejudicial, we remand this case for a new trial.

[4] The defendants' remaining assignment of error with merit concerns the admission of Thad Dotson's testimony that he drove his father in 1938 to "every landowner on that road and they agreed for a sixty foot right-of-way . . . [and] all signed a 60 foot right-of-way" agreement. By Dotson's testimony, the plaintiffs have placed the contents of this 1938 60-foot right-of-way agreement into issue, particularly as to whether the right-of-way allegedly agreed to in 1938 is the right-of-way now in dispute.

Although a right based on an expressed easement was not pled in their complaint, the plaintiffs, by placing the contents of a document which potentially could have been dispositive of the central issue in this case, have violated the "best evidence rule." This rule provides that because "*a writing is the best evidence of its contents*," the original document itself must be produced. 2 Brandis on North Carolina Evidence Sec. 190 (2d ed. 1982). The plaintiffs did not produce the document to which Dotson refers. Plaintiffs' Exhibit 15, the 1938 right-of-way agreement and petition, is not an agreement between landowners, but is an offer of dedication to the State. The plaintiffs also did not offer evidence to excuse the nonproduction of the document referred to in Dotson's testimony. Because the plaintiffs have attempted to establish an easement across the defendants' property through the

existence of such a document, they should be required to produce it. We hold that it was reversible error for the trial court to deny the defendants' motion to strike and to admit this portion of Dotson's testimony.

New trial.

Chief Judge VAUGHN and Judge EAGLES concur.