RAY PRESLEY AND WIFE, EDNA PRESLEY v. W. LYNN GRIGGS AND WIFE, JANET C. GRIGGS

No. 8722SC372

(Filed 22 December 1987)

1. Easements § 6.1— prescriptive easement—farm road—continuous use for twenty-year period—evidence sufficient

   Plaintiffs in a prescriptive easement case presented sufficient evidence of a continuous use of the farm road for a definite twenty-year period where substantial evidence was adduced establishing that the road had been used for the transportation of crops, timber and other similar materials since at least 1932, it was established that the use had been uninterrupted until some time in 1972 when another neighbor strung a chain across the road, which was left down in the daytime but rehung at night to prevent vandalism, and plaintiffs' predecessors in title still had access and use of the road and were not completely barred from using the road until 1983 or 1984 when defendants intervened. Although the need for use of the road with respect to plaintiffs' seven-acre tract could not have arisen before 1968, when the tract came into existence as a result of a partition proceeding, it was enough that plaintiffs and other neighbors utilized the road as the sole means of access to what had been a larger tract since before or around 1932.

2. **Easements § 6.1; Evidence § 25— prescriptive easement action—maps—admitted as substantive evidence—no prejudicial error**

There was no prejudicial error in an action for a prescriptive easement where the trial court admitted a survey and a metes and bounds description of the road shown on the survey where the map was technically for substantive purposes but was used for illustrative purposes. Defendants failed to request a limiting instruction or to object specifically to the admission of the survey for substantive purposes; plaintiffs introduced the survey into evidence for substantive purposes subject to authentication and later produced an authenticating witness; a proper foundation was laid for the admission of the survey; the owner of the property depicted in the survey testified as to the truthfulness of the survey's representation; and a 3.39 foot disparity between the survey and the legal description constituted a *de minimus* error and did not destroy the reliability of either exhibit.

3. **Easements § 6.1— prescriptive easement—farm road—use as hostile, adverse and under claim of right**

Plaintiffs presented sufficient evidence in a prescriptive easement action that the use of a farm road was hostile, adverse, and under a claim of right where it was established that plaintiffs' predecessor in title had several times repaired portions of the road which had become gutted, and there was testimony that no one had ever requested permission to use the road and that "we all thought we owned the road together."

4. **Easements § 6.1— prescriptive easement—farm road—other means of access—cross-examination**

There was no prejudicial error in an action for a prescriptive easement over a farm road where the court sustained plaintiffs' objections during defendants' cross-examination concerning other means of access based on the repetitiveness of defendants' questions and remarked that the questions "had nothing to do with the lawsuit." Although the remarks were unfortunate and misguided at best, defendants' ability nonetheless to establish the possibility of another means of access offset any real prejudicial harm.

5. **Easements § 6.1— prescriptive easement—farm road—other means of access**

Plaintiffs in an action for a prescriptive easement over a farm road presented sufficient evidence to allow the jury to infer that the farm road constituted a sole means of access to their tract of land where there was testimony that access to a public road other than by the farm road would require plaintiffs to cut through a large ravine and several adjoining tracts owned by them.

6. **Compromise and Settlement § 6— prescriptive easement—offer to purchase land—admission harmless error**

There was harmless error in a prescriptive easement action from admission of testimony concerning defendants' offer to purchase plaintiffs' land. Although the jury might have reasonably inferred that defendants had by the offer conceded plaintiffs' claim of right to the farm road and the admission of such testimony would usually constitute reversible error, in light of all of the

testimony and other competent evidence presented in support of plaintiffs' case, there was no prejudicial error.

APPEAL by defendant from *Freeman, William H., Judge.* Judgment entered 11 December 1986 in the DAVIDSON County Superior Court. Heard in the Court of Appeals 26 October 1987.

This prescriptive easement case involves a dispute over the rights to an old "farm road" which runs across the eastern boundary of defendants' two-acre tract to plaintiffs' seven-acre tract located north of defendants' property. Plaintiffs, seeking a declaration of their rights to the road as by prescription and money damages for defendants' destruction and removal of the road, instituted this action shortly after defendants had attempted to move portions of the farm road onto their property in 1984. Plaintiffs later abandoned the money damages claim at trial.

In their complaint, plaintiffs allege that the farm road provides the only means of access to the seven-acre tract from Ralph Miller Road, a public road lying south and adjacent to defendants' tract. Plaintiffs further claim that the road has been continuously used for the transportation of timber and as a means to reach the tract and other property beyond for farming purposes. The action came on for trial before a jury 17 November 1986. Accepting the jury's verdict in favor of plaintiffs, the trial court awarded judgment granting plaintiffs a 20-foot wide easement to be used for "general farm purposes." Defendants moved for judgment notwithstanding the verdict, having previously moved for directed verdict and in the alternative for a new trial. From a denial of those motions, defendants appeal.

*Allman, Spry, Humphreys, Leggett & Howington, P.A., by James R. Hubbard and Douglas B. Chappell, for plaintiffs-appellees.*

*Ned A. Beeker for defendants-appellants.*

WELLS, Judge.

Although defendants make 16 assignments of error respecting the trial court's evidentiary rulings and admissions, the primary question for review in this appeal is whether there existed sufficient competent evidence at trial to support the jury's

verdict and the ensuing judgment. In other words, did the trial court properly deny defendants' Motion for a Directed Verdict and their subsequent Motion for a Judgment Notwithstanding the Verdict made pursuant to N.C. Gen. Stat. § 1A-1, Rules 50(a) & (b) (1983). Because a Motion for a Judgment Notwithstanding the Verdict constitutes a renewal of defendants' Motion for a Directed Verdict, the grounds asserted in support of the Motion for a Directed Verdict must be brought forth for review. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *Dotson v. Payne*, 71 N.C. App. 691, 323 S.E. 2d 362 (1984). At trial, defendants set forth three grounds in support of their motion: (1) plaintiffs failed to show the location of the alleged easement; (2) the evidence was insufficient to sustain a finding of adverse or hostile use; and (3) the evidence was insufficient to show a continuous and uninterrupted use of the farm road for the statutorily required 20 years. Because we believe plaintiffs introduced sufficient competent evidence at trial to meet their burden of proof on each of the above enumerated points, we affirm the judgment below.

On review of Judgment Notwithstanding the Verdict we must determine whether the evidence and all reasonable inferences drawn therefrom viewed in the light most favorable to the plaintiffs was sufficient for submission of the case to the jury. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E. 2d 193 (1982). "The defendants are entitled to a directed verdict and, thus, a judgment notwithstanding the verdict only if the evidence, when considered in the light most favorable to plaintiffs, fails to show the existence of each and every element required to establish an easement by prescription." *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285 (1981). To establish an easement by prescription, plaintiffs must show by a preponderance of the evidence: "(1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period." *Id.* at 666, 273 S.E. 2d at 287-88. Moreover, North Carolina adheres to the presumption of permissive use which plaintiffs must rebut in order to prevail on the element of adversity, hostility and claim of right. *Id.*

[1]   Defendants contended in their Motion for Directed Verdict and on appeal that plaintiffs had failed to prove a continuous use of the farm road for any definite 20-year period. With this we must disagree. By way of several witnesses' testimony including that of plaintiff Mrs. Presley who had lived in the area all her life and of Ray Miller who had grown up in the area, substantial evidence was adduced establishing that the road had been used for the transportation of crops, timber and other similar materials since at least 1932. It was further established that the use had been uninterrupted until sometime in 1972 when another neighbor strung a chain across the road, which chain was left down in the daytime but re-hung at night to prevent vandalism. Plaintiffs' predecessors in title still had access and use of the road and were not completely barred from using the road until 1983 or 1984 when defendants intervened.

Defendants argue that the claimed use and need for the road with respect to the seven-acre tract could not have arisen before 1968, the time at which the tract came into existence, as a result of a partition proceeding. They argue that if the need for the easement by the seven-acre tract only arose in 1968, plaintiffs cannot now in 1985 meet the 20-year continuous use requirement to establish a prescriptive easement. With this we also disagree. It is enough that plaintiffs and other neighbors utilized the road as the sole means of access to what had been a large tract of property (50 + acres) since before or around 1932. The evidence clearly showed that since that time the road was the only means utilized to reach the larger tract, a period well in excess of 50 years. We conclude that plaintiffs have satisfactorily shown a continuous use of the road for the requisite 20 years.

[2]   Defendants also argue in their Motion for Directed Verdict that plaintiffs had failed to prove the location of the farm road. Implicit in this argument was defendants' contention that the trial court had erred by admitting Exhibits 4 and 11: Exhibit 4, admitted for substantive purposes subject to later authentication, over defendants' objection, is a 1975 survey entitled "Robert Eugene Charles" purporting to represent a 20-foot wide easement running north from the Ralph Miller Road along the eastern boundary of defendants' two-acre tract and continuing beyond in a northwesterly direction to a 1.39 acre tract purportedly shown on Exhibit 4. Exhibit 11 was a metes and bounds description of the

road as shown on the survey, Exhibit 4. The significance of both exhibits is that they provide implicitly or explicitly the primary basis of the sole issue put to the jury:

> Have the plaintiffs, Mr. and Mrs. Ray Presley, acquired an easement over the land of the defendants, Mr. and Mrs. W. Lynn Griggs, by adverse use of the farm road shown on the 1975 survey, Plaintiff's Exhibit 4, for a continuous period of twenty years prior to the filing of this action on August 7, 1985[?]

Defendants contend that admission of these exhibits constituted reversible error because neither exhibit was properly authenticated. Clearly, if these exhibits were not properly verified and therefore incompetent, their admission would give rise to reversible error and the jury verdict would fail.

To be admissible, maps, surveys and the like must be authenticated and verified as accurate and true by a qualified witness. 44 Am. Jur.: *Proof of Facts* 2d, "Foundation," § 3 (1986). In North Carolina, such exhibits are admissible for illustrative, not substantive purposes. *Searcy v. Logan*, 226 N.C. 562, 39 S.E. 2d 593 (1946). Plaintiffs correctly point out that there is no reversible error where maps and surveys are admitted for substantive purposes absent a timely request for limiting instructions made by the objecting party. *Scovill Mfg. Co. v. Town of Wake Forest*, 58 N.C. App. 15, 293 S.E. 2d 240 (1982). The fact that defendants herein failed to request such a limiting instruction or to object specifically to the admission of Exhibit 4 for substantive purposes, prevents our finding reversible error. Furthermore, plaintiffs initially introduced the survey into evidence for substantive purposes subject to authentication and later produced as an authenticating witness, the surveyor Daniel W. Donathan whose seal appears on the exhibit.

We note here that although the rule that private maps are admissible only for illustrative, not substantive, purposes is well-established, *Livermon v. Bridgett*, 77 N.C. App. 533, 335 S.E. 2d 753 (1985), we also point out that this rule does not altogether apply to maps in general, and their admissibility is governed as well by relevant statutes and case law. 1 Brandis, North Carolina Evidence, § 153, nn. 86-91 (2d Rev. Ed. 1982 & Supp. 1986). We also point out that Exhibit 4 was used primarily to illustrate wit-

nesses' testimony even if introduced for substantive purposes. Finally, we are inclined to agree with the remarks of Professor Brandis regarding the implications of N.C. Gen. Stat. § 8-97 (1986) providing for the admission for substantive purposes of photographs: ". . . [I]t now seems unnecessarily technical to retain a dividing line, particularly since maps, models, diagrams and sketches all readily lend themselves to photographing; and if a photo instead of the object is offered, the statute seems quite literally to apply." 1 Brandis, *supra*, § 34, n. 7, p. 136. We think the admission of Exhibit 4 technically for substantive purposes but used for illustrative purposes, constituted no more than harmless error.

Furthermore, a proper foundation was laid for the admission of Exhibit 4. After establishing Donathan's qualifications as a civil engineer and registered land surveyor, Donathan testified that the survey (Exhibit 4) was conducted by surveyors under his supervision. Although Donathan had not been to the property, he testified that the survey represented, "to the best of his knowledge," an accurate depiction of the easement shown thereon. Donathan's qualifying comments to the effect that the survey represented the easement as it existed in 1975 does not, as defendants contend, undermine either the competency or probative value of the exhibit. As a threshold matter, we do not consider the survey improperly admitted or incompetent. That Donathan is an experienced surveyor of 25 years and supervised the survey here in question provides him with sufficient qualifications to attest to the accuracy of the survey procedures and their ensuing results—and the trial court apparently so found. More to the point, Robert E. Charles, the owner of the property depicted in Exhibit 4 and the person for whom the survey was prepared, testified at trial as to the truthfulness of the survey's representation. Taken together, the testimony of both Donathan and Charles more than amply provide the requisite verification for the admission of Exhibit 4. The rule that maps and other similar exhibits be authenticated by one having personal knowledge of the matters contained therein, 2 Brandis, *supra*, § 195, must be applied in the context of the rule that an exhibit need not have been made by the person referring to it, 1 Brandis, *supra*, § 34. Charles' testimony, based on his own personal knowledge, and that of Donathan, based on his expertise as a surveyor, provided for the

proper authentication and admission of Exhibit 4, which therefore constituted competent evidence.

Finally, defendant contends that Donathan's acknowledgment, during his testimony, of a 3.39 foot disparity between the Exhibit 4 survey and legal description set out in Exhibit 11, revealed an inaccuracy in either or both exhibits which should have prevented their admission into evidence. Again, we disagree. Donathan testified as to the survey's accuracy but pointed out that due to a missing tie on the survey, the easement would be moved in a westerly direction by 3.39 feet at its entrance. As the law requires only a "substantial identity" of location, *Potts, supra; Speight v. Anderson*, 226 N.C. 492, 39 S.E. 2d 371 (1946), to prove a prescriptive easement, we hold that the 3.39 foot disparity constitutes a *de minimus* error and does not, especially in light of Charles' and Donathan's testimony, destroy the reliability of either Exhibit 4 or 11. This evidence coupled with the testimony of other witnesses concerning the history of the farm road and its location along what is now defendants' eastern boundary all serve to identify the location of the easement sufficiently well for submission of this issue to the jury. Therefore, defendants' assertion in their Motion for Directed Verdict attacking the sufficiency of the evidence regarding the farm road's location is rejected.

[3] Defendants bring forward in their 16th assignment of error their second ground asserted in support of their Motion for Directed Verdict, that plaintiffs failed to present sufficient evidence establishing their use of the farm road as hostile, adverse, and under claim of right. We disagree. Our Supreme Court's decision in *Potts v. Burnette, supra*, is dispositive of this point. The court in *Potts* held that the presumption of permissive use may be rebutted where the evidence tends to show that the disputed roadway comprised the sole means of access to plaintiff's land; that the roadway had been used continuously for at least 20 years; that permission was never requested nor granted by either party; and that on at least one occasion, plaintiffs had taken efforts to maintain or repair the roadway. *Potts, supra; Dickinson v. Pake, supra*. In the present case, by testimony of two witnesses, Ray Miller and Garland Jones, it was established that Tom Sink, plaintiffs' predecessor in title had, several times over the years, repaired portions of the road which had become gutted. Furthermore, Mrs. Presley testified that no one had ever re-

quested permission to use the road and that "We all thought we owned the road together." Finally, the 20-year period of continuous use having been established, the question remaining in this analysis is whether plaintiffs proved the road to be their sole means of access.

[4]  Defendants, in their 12th and 14th assignments of error cite the trial court's refusal to allow defendants' counsel to continue, on cross-examination of Mrs. Presley, questioning her about the nature of the sole access represented by the farm road. Defendants' counsel, during this cross-examination, elicited from Mrs. Presley testimony to the effect that access to another public road north of plaintiffs' seven-acre tract could be obtained only by cutting through other tracts owned by plaintiffs and would require negotiating a large gulley or ravine the size of a "two-story house." After this line of questioning, the following colloquy took place:

> Q. As you come south from Clara Tom Drive across the two peices [sic] of property you own are you telling us there is a gulley across there that will hold almost a two-story house all the way across your tracts?
>
> MR. HUBBARD: Objection as it's repetition and he is beginning to badger the witness as she testified where she thought it was and a little less. I think the question is repetition.
>
> COURT: What has it to do with this lawsuit?
>
> MR. BEEKER: They have alleged and contend they have no other access to this seven acres.
>
> COURT: It has nothing to with the lawsuit.
>
> OBJECTION SUSTAINED.
>
> MR. BEEKER: We contend otherwise and except.
>
> COURT: Go ahead to something else.

As an evidentiary matter, the trial court did not err in sustaining plaintiffs' objections due to repetitiveness of defendants' questions. Although the trial court's remark that the questions "had nothing to do with the lawsuit," was unfortunate and misguided at best, defendants' ability nonetheless to establish on

cross-examination the possibility of another means of access, off-set any real prejudicial harm possibly engendered by the trial court's comments. We therefore can find no prejudicial error here.

[5] The more important point here is whether the existence of another possible means of access destroys plaintiffs' rebuttal of the permissive use presumption. We think it does not.

By her testimony, Mrs. Presley indicated that access to a public road other than by the farm road would require the plaintiffs to cut through a large ravine and several adjoining tracts owned by them which lie to the north of their seven-acre tract. We think such evidence was more than sufficient to have allowed the jury to infer that the farm road constituted a sole means of access to the seven-acre tract.

We conclude that all the competent evidence, viewed in the light most favorable to plaintiffs, presented sufficient evidence to have gone to the jury on the issue of an easement by prescription and to have supported the jury's verdict. The trial court's denial of defendants' Motion for Directed Verdict and Judgment Notwithstanding the Verdict was therefore proper.

[6] Because we have found sufficient competent evidence to support the jury verdict we find defendants' numerous assignments of error respecting evidentiary rulings to be largely without merit. We do note one evidentiary ruling raised by defendants on appeal which causes us some concern. The trial court admitted, over defendants' objections, testimony concerning defendants' offer to purchase the seven-acre tract from plaintiffs in 1983. Believing that the jury might have reasonably inferred that defendants had, by this offer to purchase, conceded plaintiffs' claim of right to the farm road, we think that in the usual case, such would have constituted reversible error. This is especially true in view of the well-established rule which bars admission of settlement offers into evidence. *See Dotson, supra.* However, in light of all the testimony and other competent evidence presented in support of plaintiffs' case, we cannot see how this testimony so prejudices defendants as to require a new trial.

No error.

Judges JOHNSON and COZORT concur.