RICHARD S. GRIFFIN, Petitioner v. C. W. PRICE, JR. and wife, MARGARET PRICE; DONALD EUGENE PRICE; MICHAEL EUGENE PRICE and wife, KATHY LAMAR PRICE, Respondents

No. 9120SC1100

(Filed 5 January 1993)

1. **Rules of Civil Procedure § 50.4 (NCI3d) — judgment notwithstanding verdict — renewal of motion for directed verdict — same test for sufficiency of evidence**

A motion for a judgment notwithstanding the verdict under N.C.G.S. § 1A-1, Rule 50(b) is essentially a renewal of a motion for a directed verdict and the test governing the sufficiency of the evidence on a motion for JNOV is the same as the

GRIFFIN v. PRICE

[108 N.C. App. 496 (1993)]

test used on motions for directed verdicts. The question is whether the evidence, when viewed in the light most favorable to the nonmovant, giving the nonmovant the benefit of every reasonable inference, was sufficient to go to the jury.

**Am Jur 2d, Trial § 862.**

**Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions. 69 ALR2d 449.**

2. **Highways, Streets, and Roads § 15 (NCI4th)— neighborhood public road—elements**

Three types of roads are considered neighborhood public roads under N.C.G.S. § 136-67: (1) roads which were once part of a public road system but were not taken over by the State and which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families; (2) roads constructed or reconstructed with unemployment relief funds; and (3) roads outside a city or town which serve a public use and as a means of ingress or egress for one or more families. Any street, road, or highway that serves an essentially private use is specifically excluded. The third type of public road, at issue in this case, does not require that the road have ever been part of the public road system and need not be a necessary means of ingress or egress, but there must be a showing of substantial identity of the roadway. Under *Speight v. Anderson*, 226 N.C. 492, modified later in this opinion, the petitioner was also required to show continuous use of the road for the twenty years prior to 1941, when the third type of public road was added to the statute.

**Am Jur 2d, Highways, Streets, and Bridges §§ 3, 5-6, 158, 184.**

**Way of necessity over another's land, where a means of access does exist, but is claimed to be inadequate, inconvenient, difficult or costly. 10 ALR4th 447.**

**Way of necessity where only part of land is inaccessible. 10 ALR4th 500.**

3. **Highways, Streets, and Roads § 15 (NCI4th)— neighborhood public road—sufficiency of evidence**

The evidence of neighborhood public road was sufficient to go to the jury where the alleged road met three of the four requirements for the third type of neighborhood public road under N.C.G.S. § 136-67 in that it is outside town and city limits, has served as a means of ingress and egress for one or more families and substantial identity of the roadway was established, and petitioners presented evidence of public use but respondents presented evidence of essentially private use.

Am Jur 2d, Highways, Streets, and Bridges §§ 3, 5-6, 158, 184, 272.

4. **Highways, Streets, and Roads § 15 (NCI4th)— neighborhood public roads—requirement of continuous use from 1921 to 1941—modified**

Petitioner's evidence was sufficient to go to the jury on the issue of the existence of a neighborhood public road under the third part of N.C.G.S. § 136-67, despite petitioner's failure to show continuous use of the road from 1921 to 1941, as required by *Speight v. Anderson*, 226 N.C. 492. The effect of *Speight* is to create the first judicial sunset provision of a statute. It would surely be difficult for someone in 1991 to prove use of a roadway for a period of twenty years beginning in 1921, and to require such evidence would be to make proof virtually impossible in the future. Furthermore, *Speight* has not been adhered to consistently. Petitioner should be able to have the evidence on the existence of a neighborhood public road under N.C.G.S. § 136-67 go to the jury if he can show public use of the road in 1941 and continuous use since that time.

Am Jur 2d, Highways, Streets, and Bridges § 27.

Appeal by petitioner from order filed 3 July 1991 by Judge James M. Long of the Union County Superior Court. Heard in the Court of Appeals 20 October 1992.

*Sanford L. Steelman, Jr. for petitioner-appellant.*

*Griffin & Brooks, by James E. Griffin, for respondent-appellees Donald Eugene Price, Michael Eugene Price, and Kathy Lamar Price.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for respondent-appellees C.W. Price, Jr. and Margaret Price.*

LEWIS, Judge.

Petitioner and respondents own adjoining tracts of land in Union County, North Carolina. Respondents' land lies between petitioner's land and a public way, Sikes Mill Road. This case involves a 20-foot wide road which runs from petitioner's property over that of respondents to Sikes Mill Road. Petitioner filed suit against respondents upon their denying his request for a 60-foot wide right-of-way and the right to run a water line across respondents' property along the road.

Petitioner sought a declaration that he had acquired an easement by implication over the respondents' property, a declaration that the road crossing respondents' property was a neighborhood public road under N.C.G.S. § 136-67 (1986), and damages from respondents for blocking the road. Respondents alleged that petitioner had abandoned the road, and that the use of the road was essentially private and with the consent of respondents. The jury found in favor of petitioner on five issues, including the existence of an easement by implication over a portion of the road and that the whole road was a neighborhood public road. The jury awarded petitioner damages in the amount of $100.00. The trial judge, however, granted respondents' motion for judgment notwithstanding the verdict (JNOV) on the neighborhood public road issues. The only issue on appeal is the propriety of JNOV and the sufficiency of the evidence to establish a neighborhood public road under § 136-67.

The road in question can be split into several segments to clarify discussion: (1) the portion running from Sikes Mill Road across respondents' property to a fork in the road on respondents' property, about 6/10 of a mile, (2) the right fork of the road, which intersects the northwestern portion of petitioner's property about 900 feet from the fork and continues out to Baucom Road, and (3) the left fork of the road, which crosses the property of a neighbor and continues to Presson Cemetery and Camden Road. This case

mainly involves the portion up to the fork and the right fork of the road. An 1875 deed refers to the right fork of the road as an "old road" with the same location as the present road. The evidence indicates that in 1941 the right fork was also a through road, providing access to Baucom Road. The left fork has been used as a means of access to a residence since the 1930s and has also provided access to the cemetery. There was testimonial evidence that the road has been used as a public road and as a means of ingress and egress. There was also evidence that use of the road was permissive and essentially private. When petitioner purchased the property in 1973, he was informed that there was no deeded right-of-way across respondents' property.

---

[1] A motion for judgment notwithstanding the verdict (JNOV) under Rule 50(b) of the North Carolina Rules of Civil Procedure is essentially a renewal of a motion for a directed verdict. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 368-69, 329 S.E.2d 333, 337 (1985); N.C.G.S. § 1A-1, Rule 50(b) (1990). The test governing the sufficiency of the evidence on a motion for JNOV is the same as the test used on motions for directed verdicts. *Northern Nat'l Life Ins. Co. v. Lacy J. Miller Mach. Co.*, 311 N.C. 62, 69, 316 S.E.2d 256, 261 (1984). Thus, if the directed verdict should have been granted, JNOV should be granted. *Bryant*, 313 N.C. at 369, 329 S.E.2d at 337. The question is whether the evidence, when viewed in the light most favorable to the nonmovant, giving the nonmovant the benefit of every reasonable inference, was sufficient to go to the jury. *Id.* at 369, 329 S.E.2d at 337-38.

I.  Background law: N.C.G.S. § 136-67 and *Speight v. Anderson*

[2] This appeal revolves around N.C.G.S. § 136-67, which governs the creation of neighborhood public roads. It provides:

> All those portions of the public road system of the State which have not been taken over and placed under maintenance or which have been abandoned by the Department of Transportation, but which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families, and all those roads that have been laid out, constructed, or reconstructed with unemployment relief funds under the supervision of the Department of Human Resources, and all other roads or streets or portions of roads or streets whatsoever outside of the boundaries of any incor-

porated city or town in the State which serve a public use and as a means of ingress or egress for one or more families, regardless of whether the same have ever been a portion of any State or county road system, are hereby declared to be neighborhood public roads . . .

N.C.G.S. § 136-67 (1986). In enacting this statute "the legislature intended to preserve the public right to use roads that would no longer be maintained by any government." *Jarvis v. Powers*, 80 N.C. App. 355, 364, 343 S.E.2d 195, 200 (1986). In 1929, the State, through the Highway Commission, began assuming the maintenance of some county roads. However, the Highway Commission was not required to maintain all local roads. Failure of the Commission to maintain a road thus did not render it a private way. *Smith v. Moore*, 254 N.C. 186, 189, 118 S.E.2d 436, 438 (1961).

The statute sets forth three types of roads which are considered neighborhood public roads. *West v. Slick*, 313 N.C. 33, 39, 326 S.E.2d 601, 605 (1985). The first type includes roads which were once part of a public road system but were not taken over by the State, and which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families. The second includes roads constructed or reconstructed with unemployment relief funds. Third, roads outside a city or town which serve a public use and as a means of ingress or egress for one or more families are neighborhood public roads. A proviso to the statute specifically excludes from the category of neighborhood public road "any street, road or driveway that serves an essentially private use. . . ." § 136-67. It is important to note that although the first statutory definition of neighborhood public road was enacted in 1933, the third type of neighborhood public road was added to the statute in 1941 along with the private use proviso. *Jarvis*, 80 N.C. App. at 365, 343 S.E.2d at 202.

Only the third type of neighborhood public road is relevant to the case at hand. There are four elements to establishing a neighborhood public road under this third approach. The road must (1) be outside city or town limits, (2) serve a public use, and (3) serve as a means of ingress or egress, (4) for one or more families. *West*, 313 N.C. at 48, 326 S.E.2d at 610. Unlike the first type of neighborhood public road, the third type does not require that the road ever have been part of the public road system, and the

means of ingress and egress need not be "necessary." *Id.* Also, there must be a showing of substantial identity of the roadway. *Id.* at 41, 326 S.E.2d at 606 (citing *Speight v. Anderson*, 226 N.C. 492, 39 S.E.2d 371 (1946)).

The Supreme Court expressed concern over the third approach in *Speight v. Anderson*, 226 N.C. 492, 39 S.E.2d 371 (1946), stating that "[t]he General Assembly is without authority to create a public or private way over the lands of any citizen by legislative fiat, for, to do so, would be taking private property without just compensation." *Id.*, at 496, 39 S.E.2d at 373. The Court decided that this 1941 addition refers to roads which were "at the time established easements or roads or streets in a legal sense." *Id.* The statute does not encompass "ways of ingress and egress existing by consent of the landowner as a courtesy to a neighbor, nor . . . those adversely used for a time insufficient to create an easement." *Id.* The Court required a showing of an established easement, consisting of twenty years continuous use of a "definite and specific line," in order to establish a neighborhood public road under the third part of the statute. The relevant date to use is 1941, since "[t]he declaratory language used by the legislature in G.S. Sec. 136-67 indicates the legislature's intention for the status of roadways to be determined as of the enactment dates of the applicable statutory definitions and exceptions." *Jarvis*, 80 N.C. App. at 364, 343 S.E.2d at 201 (applying first part of statute) (citing *Dotson v. Payne*, 71 N.C. App. 691, 697, 323 S.E.2d 362, 366 (1984) (finding insufficient evidence of established easement in 1941 under third part of statute)). *But see Smith v. Moore*, 254 N.C. 186, 189, 118 S.E.2d 436, 438 (1961) (evidence supported finding that road served a public purpose and as a means of ingress and egress in 1951 and therefore a neighborhood public road). With 1941 as the determinative date the petitioner must show continuous use of the road for the twenty years prior to 1941: from 1921 to 1941.

II.   Elements of § 136-67

[3]   There is no dispute that the road in question meets three of the four elements set forth in *West*: it is outside town and city limits, and it has served as a means of ingress and egress, for one or more families. Substantial identity of the roadway was established at trial through exhibits, maps and testimony. The issue here is whether the road serves a public use.

GRIFFIN v. PRICE

[108 N.C. App. 496 (1993)]

Petitioner presented testimonial evidence of public use of the road. According to Clarence D. Baucom, who lived on the left fork of the road in the 1930s, the first portion of the road, from Sikes Mill Road up to the fork in the road, was used by the general public of Union County just like any other road at that time. The road was used by those who resided on the left and right forks, and also by people who did not reside on the road. Sim Dorton lived on the left fork from 1945 to 1949 and testified that people used the road to get to Presson Cemetery and Camden Road. Floyd Purser was familiar with the road from 1958 to 1965 and testified that people used it to get from Sikes Mill Road to the cemetery. There was at least one residence on the right fork of the road in the late 1930s and 1940s. Also, Carroll Taylor used the right fork of the road in the early 1940s to travel from Baucom Road to Sikes Mill Road.

Respondents, however, claim that the road serves an essentially private use and is thus excluded under the proviso to § 136-67. Clarence Baucom testified that in the 1930s the road was a wagon road and was used by residents, farmers, and their guests, all with the consent and good will of Conder Price, respondents' predecessor in title. He also testified that neither the school bus nor the mail carrier used the road. Sim Dorton testified that the road was "nothing but a driveway" when he lived there. Respondents claim that use of the road was always permissive, and that therefore no easement could have been established. See Speight, 226 N.C. at 496, 39 S.E.2d at 373. Clarence Baucom testified that Conder Price allowed them to use the road, saying that he "[n]ever heard no problem" about it and that "[Conder Price] didn't never complain."

Respondents point out that the evidence of public use in West v. Slick was much stronger than in the case at hand. In that case the public had consistently used a particular road for access to beaches on the outer banks since 1917. West, 313 N.C. at 51, 326 S.E.2d at 611-12. In contrast, the evidence in this case points to an "essentially private use" since the 1930s and does not indicate any different use prior to the 1930s.

Giving the nonmovant, petitioner, the benefit of every reasonable inference, the evidence would seem sufficient to go to the jury on the existence of a neighborhood public road under § 136-67. The evidence presented tends to show that the road was used

not only to access residences on either fork, but also to access Presson Cemetery, Camden Road, and Baucom Road.

III.   Requirements of *Speight v. Anderson*

[4]   Assuming the four elements necessary for the establishment of a neighborhood public road under § 136-67 have been met, the issue becomes whether *Speight's* additional requirement of proof of an established easement has been satisfied.

It is obvious from the evidence presented that petitioner has not shown 20 years continuous use of the road from 1921 to 1941. Petitioner did present evidence of the existence of the road prior to 1941. Petitioner points out that the right fork of the road was in existence and actually referenced in an 1875 deed as an "old road." He asserts that the rest of the road must also have been in existence at the time, since a road must "come from somewhere and lead to somewhere." C.W. Price, Jr. testified that respondents' family has owned the property over which the road runs since 1900, and that the road has been there as long as he can remember. Petitioner also presented evidence, which is summarized above, of use of the road since 1941. However, there is no evidence of any use prior to the 1930s.

Petitioner concedes these shortcomings in his evidence. He disputes the validity of this requirement, however, and claims that requiring a showing of twenty years continuous use from 1921 to 1941 goes beyond the legislative intent in enacting the 1941 amendments to § 136-67. It would surely be difficult for someone in 1991, at the time of the trial, to prove use of a roadway for a period of twenty years beginning in 1921. To require such evidence would be to make proof under this portion of the statute virtually impossible in the future.

Respondents rest on the fact that *Speight* is directly on point and the easement must be established by 1941. Respondents emphasize that no evidence has been presented regarding actual use of the road prior to the 1930s.

We recognize that petitioner has not shown continuous use of the road from 1921 to 1941. However, we believe that if petitioner can show public use of the road in 1941 and continuous use since that time, petitioner should be able to have such evidence go to the jury on the existence of a neighborhood public road under § 136-67. A statute "must be construed, if possible, to give

GRIFFIN v. PRICE

[108 N.C. App. 496 (1993)]

meaning and effect to all of its provisions." *HCA Crossroads Residential Centers, Inc. v. N.C. Dep't of Human Resources*, 327 N.C. 573, 578, 398 S.E.2d 466, 470 (1990). Also,

> [i]t is well established that a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage.

*Porsh Builders, Inc. v. City of Winston-Salem*, 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981). The effect of *Speight* is to have created the first judicial sunset provision of a statute. No evidence has been presented showing that this was the legislature's intent. In the absence of such intent, we should continue to give effect to the statute.

We also note that in a case decided since *Speight*, our Supreme Court utilized the statute without requiring evidence of continuous use from 1921 to 1941. In *Smith v. Moore*, 254 N.C. 186, 118 S.E.2d 436 (1961), the Supreme Court, applying § 136-67, determined the rights of the parties to the disputed road as of 1951, the date the affected land was conveyed to the children of the common owner. The Court did not explain which approach under § 136-67 it was using, but since the road had never been part of the public road system and had not been constructed with unemployment relief funds, the Court must have been proceeding under the third part of the statute. The Court noted that the road was in existence and used as a public way prior to 1929. The Court concluded

> [t]he evidence was sufficient to support but not to compel a finding that the road in question *in January 1951* served a public purpose and as a means of ingress and egress to people other than C. C. Smith, and because of such public service defendants had the right to use it as a neighborhood road.

*Id.* at 189, 118 S.E.2d at 438 (emphasis added). Thus, in denying the plaintiff's motion for directed verdict the Court did not mention the *Speight* requirement and did not find that there had been continuous use of the road from 1921 to 1941.

We hold that petitioner's evidence was sufficient to go to the jury on the issue of the existence of a neighborhood public road under the third part of § 136-67. Our decision is based on the fact that the statute must be construed in order to continue to give

it effect. Also, we note that the Supreme Court decided a case on this issue without imposing the requirement of showing 20 years continuous use from 1921 to 1941. Thus, *Speight* has not been adhered to consistently. The trial court's grant of the motion for JNOV was improper and is hereby reversed.

Reversed and remanded to trial court to enter judgment consistent with the jury's verdict.

Judges JOHNSON and COZORT concur.