COGHILL v. OXFORD SPORTING GOODS, INC.

[143 N.C. App. 176 (2001)]

Affirmed.

Judges GREENE and McCULLOUGH concur.

———————

ARCHIE CHESLEY COGHILL, JR. AND WIFE, MARGARET COGHILL, PETITIONERS V.
OXFORD SPORTING GOODS, INC., RESPONDENT

No. COA00-149

(Filed 17 April 2001)

**Highways and Streets— neighborhood public road—continuous and open public use for twenty years**

The trial court's findings of fact do not support the conclusion of law that Coghill-Dickerson Lane is a neighborhood public road, because: (1) N.C.G.S. § 136-67 requires petitioners to show the road is outside city or town limits, serves a public use, and served as a means of ingress or egress for one or more families continuously and openly for public use for twenty years between 1921 and 1941; and (2) the trial court's findings do not establish that Coghill-Dickerson Lane was continuously and openly used by the public for twenty years between 1921 and 1941.

Appeal by respondent from judgment filed 12 August 1999 by Judge Donald M. Jacobs in Vance County Superior Court. Heard in the Court of Appeals 20 February 2001.

*Currin & Dutra, LLP, by Lori A. Dutra, for petitioner-appellees.*

*Zollicoffer & Long, by Nicholas Long, Jr., for respondent-appellant.*

GREENE, Judge.

Oxford Sporting Goods, Inc. (Respondent) appeals a 12 August 1999 judgment in favor of Archie Chesley Coghill, Jr. (Mr. Coghill) and Margaret Coghill (Mrs. Coghill) (collectively, Petitioners) declaring "the roadbed of the Old Stagecoach Road . . . a neighborhood public road."

Petitioners own a 91.6 acre tract of land (the Coghill tract) conveyed to them by Mr. Coghill's father, who obtained the land by deed

in 1965. The Coghill tract is south of Respondent's 75.12 acre tract (Respondent's tract), which adjoins State maintained Road 1523 (Southerland Mill Road). The Coghill tract, however, does not adjoin any State maintained roads. Petitioners and their predecessors have always accessed Southerland Mill Road by using Coghill-Dickerson Lane, which is described as "an old path" in a 1914 partitioning proceeding. Coghill-Dickerson Lane crosses over Petitioner's tract toward Weldon Mill Road and Weaver Creek to the west and extends over Respondent's tract to access Southerland Mill Road.

Respondent's tract was obtained in 1998 from Ernestine Overton. Respondent began developing its tract into a subdivision, Aycock Village, in 1998. In its plan to develop Aycock Village, Respondent upgraded Coghill-Dickerson Lane to a fifty-foot right-of-way with drainage ditches and graveling. The Petitioners were still permitted to use Coghill-Dickerson Lane to reach their property. Respondent, however, did not develop the portion of Coghill-Dickerson Lane which crosses over Petitioners' tract.

On 24 November 1998, Petitioners filed a petition to have Coghill-Dickerson Lane declared a neighborhood public road within the meaning of N.C. Gen. Stat. § 136-67 and a motion to temporarily restrain Respondent from selling the lots in Aycock Village until a determination was made concerning the nature and status of Coghill-Dickerson Lane. On 18 December 1998, the parties consented to a preliminary injunction permitting Respondent to sell lots within Aycock Village provided the sale of these lots did not hinder or interfere with "Petitioners' right of ingress, egress, access and regress."

After a hearing on Petitioners' petition, the trial court entered its judgment in open court on 21 July 1999 and filed a written judgment consistent with its oral judgment on 12 August 1999. The trial court's findings of fact, which are not disputed by either party, provides, in pertinent part, that:

7. [Petitioners] and their predecessors in title have traditionally accessed [Southerland Mill Road] by using a road or path crossing [Respondent's tract], which road is currently denominated "Coghill-Dickerson Lane."

8. Coghill-Dickerson Lane was used for ingress, egress and access to [Petitioners'] property prior to 1941, and was never a part of the public roads system, and was never constructed or reconstructed with unemployment relief funds.

9. . . . Coghill-Dickerson Lane is located outside the boundaries of any municipality in a rural farming area of Vance County.

10. [Coghill-Dickerson Lane] serves as a means of ingress and egress for one or more families . . . living along [Coghill-Dickerson Lane].

11. Coghill-Dickerson Lane essentially follows the old road bed of a road which was in existence prior to 1933 for some period of time running from what is now known as Southerland Mill Road down and across Weaver Creek to what is now known as the Weldon Mill Road.

. . . .

15. That senior citizens in the community know [Coghill-Dickerson Lane] as Old Stagecoach Road and in fact, it existed as early as 1930.

16. That prior to 1941 [Coghill-Dickerson Lane] was used by one and two-horse wagons, Model T and Model A automobiles, and the locals used [Coghill-Dickerson Lane] to go from one road to the other; to go to two mills located in the area, one somewhere on or near Southerland Mill Road, the other on or near Weldon Mill Road; to Sandy Creek Road and to a church in the neighborhood.

17. That, in addition, the citizenry of Vance County used [Coghill-Dickerson Lane] at their convenience, prior to 1941, to access the public waters of Weaver Creek and to fish for "horny heads," to wash their cars, and to gain access to public gatherings on the shores of Weaver Creek, especially on Sundays.

. . . .

20. That more recently the road has been used as ingress and egress by [Mr. Coghill's] family; his son; Anthony Garrett; landowner Roberson; landowner Dickerson; and the Clark family, a non-adjacent property owner.

21. That through the last years a number of citizens, not living along the road, have used it as a means to suit their convenience as members of the traveling public.

. . . .

COGHILL v. OXFORD SPORTING GOODS, INC.

[143 N.C. App. 176 (2001)]

27. That [Coghill-Dickerson Lane] . . . has had incidental, occasional use by postmen, particularly within the last two months, when unable to deliver mail to [Coghill-Dickerson Lane's] residents at their mailboxes along Southerland Mill Road; in addition, the police or law enforcement authorities have incidentally and occasionally used [Coghill-Dickerson Lane] for law enforcement activity, more particularly to chase fleeing offenders . . . .

The trial court concluded Coghill-Dickerson Lane was a neighborhood public road in 1941.

The dispositive issue is whether the trial court's findings of fact support the conclusion of law that Coghill-Dickerson Lane is a neighborhood public road.

Appellate review of findings of fact "made by a trial judge, without a jury, is limited to . . . whether there is competent evidence to support [the] findings of fact." *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996). A trial court's conclusions of law, however, are reviewable *de novo* on appeal. *Id.* at 336, 477 S.E.2d at 215.

North Carolina General Statutes section 136-67 declares three types of roads to be neighborhood public roads. N.C.G.S. § 136-67 (1999). The third type of road, which is at issue in this case, is described as:

all . . . roads or streets or portions of roads or streets whatsoever outside of the boundaries of any incorporated city or town in the State which serve a public use and as a means of ingress or egress for one or more families, regardless of whether the same have ever been a portion of any State or county road system . . . .

*Id.* This definition of a public road was enacted in 1941. *Roten v. Critcher*, 135 N.C. App. 469, 473, 521 S.E.2d 140, 143 (1999). The definition of neighborhood public roads specifically excludes "any street, road or driveway that serves an essentially private use." N.C.G.S. § 136-67. Our Courts have construed section 136-67 to require petitioners show the road: (1) is outside city or town limits, (2) serves a public use, and (3) serves as a means of ingress or egress, (4) for one or more families, (5) continuously and openly for public

COGHILL v. OXFORD SPORTING GOODS, INC.

[143 N.C. App. 176 (2001)]

use for twenty years between 1921 and 1941.[1] *Roten*, 135 N.C. App. at 474, 521 S.E.2d at 144 (citing *West v. Slick*, 313 N.C. 33, 48, 326 S.E.2d 601, 610 (1985); *Speight v. Anderson*, 226 N.C. 492, 496, 39 S.E.2d 371, 374 (1946)).

Respondent argues the trial court's findings of fact do not support its conclusion of law that Coghill-Dickerson Lane was a neighborhood public road. We agree. The trial court's findings of fact establish Coghill-Dickerson Lane was used by the public to access Weaver Creek and to go to church beginning in the early 1930's. The trial court, however, makes no findings of fact concerning the public's use of Coghill-Dickerson Lane anytime before the 1930's. Indeed, Petitioners failed to present evidence at trial of any use of Coghill-Dickerson Lane prior to 1930. Accordingly, because the trial court's findings of fact do not establish Coghill-Dickerson Lane was continuously and openly used by the public for twenty years between 1921 and 1941, the trial court erred in concluding Coghill-Dickerson Lane was a neighborhood public road.

Reversed.[2]

Judges McCULLOUGH and HUDSON concur.

---

1. We note Petitioners argue that pursuant to *Griffin v. Price*, Petitioners do not have to establish continuous and open public use of Coghill-Dickerson Lane for twenty years from 1921 to 1941. *See Griffin v. Price*, 108 N.C. App. 496, 505-06, 424 S.E.2d 160, 165, *reversed*, 334 N.C. 686, 435 S.E.2d 72 (1993). Our Supreme Court, however, reversed *Griffin* in light of *Speight v. Anderson*, 226 N.C. 492, 496, 39 S.E.2d 371, 374 (1946), which held a petitioner must establish continuous and open public use for twenty years between 1921 and 1941.

2. We note Respondent presents additional arguments in its brief to this Court. In light of our holding in this case, however, we need not address Respondent's additional arguments.